James Edward ERCANBRACK,
Appellant,

v.

The STATE of Texas, Appellee.

No. 01–81–0675–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 23, 1982.

Ronald Mock, Houston, for appellant.

John Holmes, Houston, for appellee.

Before WARREN and DOYLE, JJ.

## OPINION

WARREN, Justice.

Appeal follows conviction of appellant by a jury for the offense of indecency with a child, denounced by § 21.11(a)(2), V.A.P.C., wherein the court assessed punishment at ten years confinement to be probated for a like term and a fine of $500.00.

In the three grounds of error presented, complaint is made that the evidence is insufficient to sustain the jury verdict; that the trial court erred in denying appellant's request for an instruction to disregard and thus allowed the admission of damaging evidence; and that the trial court erred in denying appellant's motion for mistrial based on improper jury argument. We overrule these contentions and affirm the conviction.

On the afternoon of February 21, 1981, the complaining witness, a ten year old girl named Shelly, was playing outside of the apartment where she lived when she observed the appellant, clad only in underwear, standing in the doorway of his house across the street. She testified that the appellant pulled his underwear down and shook his penis at her. She went and told her grandmother what had happened. The grandmother recalled that Shelly told her, "Ma-Maw, there is a man over there in his underwear." The grandmother told her to go back outside and play, that there was nothing that she could do. Shelly went outside and started jumping rope when she saw the appellant again pull his pants down and shake his penis at her. She went back inside and told her grandmother. The grandmother testified that she went outside to investigate and saw a man with his underwear open exposing his penis. She further testified that this man, whom she could not identify, jumped behind a wall. The appellant testified and denied the accusation of Shelly and her grandmother, maintaining that he never saw the complainant. The evidence further reflects that the distance from the appellant to Shelly, when he allegedly exposed himself, was approximately 60 yards.

The appellant, in pursuing his insufficiency claim, argues that the evidence indicates a lack of the essential ingredients of knowledge of complainant's presence and intent to arouse or gratify his sexual desire during the time he had knowledge of her presence. He bases these claims on the 60 yard distance, the fact that he maintains he never saw the girl, and the fact that the record is devoid of some character of his attracting attention to expose.

While we recognize that knowledge and intent can be inferred from conduct of, remarks by and circumstances surrounding the acts engaged in by an accused, *Allen v. State,* 478 S.W.2d 946 (Tex.Cr.App. 1972), and *Dunlap v. State,* 440 S.W.2d 672 (Tex.Cr.App.1969), we further recognize that an overt act characterized as an attention-getting device is evidentiary and not

an element of the offense of indecency with a child. Consequently, such an act is not required to uphold a conviction for a violator of § 21.11(a)(2). *Turner v. State,* 600 S.W.2d 927 (Tex.Cr.App.1980).

■■ We find that the testimony of the complainant, Shelly, corroborated by her grandmother, if believed, is sufficient to justify the trier of fact in inferring and finding the requisite knowledge and intent elements of the offense even without evidence of appellant's calling attention to himself by direct word or deed. The trier of fact is the sole judge of the credibility of the witnesses and may accept or reject any part or all of the testimony given by State or defense witnesses. *Johnson v. State,* 571 S.W.2d 170 (Tex.Cr.App.1978). Having been properly charged in the instant case, the jury believed the State's witnesses and disbelieved the defense witness, and viewing the evidence in the light most favorable to the verdict, we hold that the evidence is sufficient to support the jury's finding.

The appellant next contends that the trial court erred in denying his request for an instruction and thus allowed damaging evidence against him.

That portion of the record reflecting the complained of matter occurred during Shelly's testimony on direct examination and is as follows:

"Q. Okay. What did he do Shelly? I want you to tell the people on this jury exactly what he did."

"A. He stood in the doorway and then he pulled down his underwear and he started shaking his penis at me."

"Q. And you saw this clearly?"

"A. Yes."

"Q. Mr. Cofer: I would object to that question, your Honor: You saw this clearly. And I ask the jury to be instructed to disregard it."

"The Court: Sustained."

"Mr. Cofer: And may we have an instruction to the jury?"

"The Court: Motion to instruct the Jury is denied. Move on."

It is this failure to instruct, about which the appellant complains. The record further reflects that subsequently, during the trial, the prosecutor asked Shelly again if she saw this incident clearly, to which she replied yes. This was objected to in the same manner as the previous inquiry had been.

■■ It is well settled in Texas that an objection that fails to specify a reason or ground is generally not sufficient to preserve a claim of error for review. *Breeden v. State,* 438 S.W.2d 105 (Tex.Cr.App.1969); *Dyche v. State,* 478 S.W.2d 944 (Tex.Cr. App.1972). However, we find it difficult to understand the nature of appellant's complaint that would cause the question to be inadmissible. He cites no cases and presents no arguments to justify his position. The question pursues a legitimate area of inquiry to determine if the eye witness has an unobstructed view of an event about which she testified. We overrule this ground of error.

Appellant's final ground alleges that the trial court erred in denying his motion for mistrial based on improper jury argument.

The relevant portion of the record about which the appellant complains is as follows:

"When are they going to do something about it? The police have done what they can do. Shelly Clark has come up here, scared to death, little ten year-old girl, and testified. She's done all that she can do to get Ercanbrack, and men like him, out of her neighborhood. Mrs. Marx has testified. She's done everything that she can do to get people like the Defendant out of your neighborhood. And I've done everything I can do."

"MR. COFER: Judge—"

"MR. PAINE: It's up to you—"

"MR. COFER: Judge, I'm going to object to the line of argument here, and the implication that it's in the jurors' neighborhood, and is improper—It's not a plea for law enforcement. And I would ask the jury to be so instructed to disregard the remarks of Mr. Paine in this regard."

"THE COURT: Sustained. Jury is instructed to disregard the remarks of the

Assistant District Attorney with respect to your individual neighborhood."

"MR. COFER: And I would move at this time for a mistrial; that the—"

"THE COURT: Denied."

"MR. COFER: —instruction was not able to cure the remark."

"THE COURT: Let's proceed."

Appellant maintains that this argument was manifestly harmful, prejudicial and calculated to injuriously affect his rights.

■■■ The test as to whether an improper argument constitutes reversible error is whether, (1) the arguments is manifestly improper, harmful and prejudicial, or (2) it is violative of a statute or, (3) it injects a new and harmful fact into the case. *Vineyard v. State,* 96 Tex.Cr.R. 401, 257 S.W. 548 (Tex.Cr.App.1922). Applying this test to the argument in the present case, we find no reversible error, especially considering the court's instruction to the jury to disregard the remark. See *Crowe v. State,* 400 S.W.2d 766 (Tex.Cr.App.1966).

Affirmed.