**Garfield GRANT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–91–00794–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 1, 1993.

Lana Gordon, Houston, for appellant.

Kimberly Aperauch Stelter, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

Appellant was convicted by a jury of aggravated sexual assault. He pled "true" to the allegations in the enhancement paragraph, and the jury assessed punishment at forty years confinement in the Texas Department of Criminal Justice—Institutional Division. Appellant brings four points of error, complaining that the evidence is insufficient to prove that the Complainant was not his spouse, and that comments

made by the prosecutor denied him a fair trial. We affirm.

On May 9, 1991, Alberta, the Complainant, went to visit her friend, Teresa. Alberta's common-law husband, Sonny Jenkins, gave her a ride to Teresa's apartment, and agreed to return and pick her up either around midnight or when she called. Alberta arrived at Teresa's apartment in the late afternoon. Appellant, who lived next door to Teresa, and Teresa's boyfriend were there. When Alberta was ready to leave, she asked Appellant to accompany her to a pay phone so that she could call Sonny to pick her up. Appellant agreed, but asked if he could go to his apartment first and get some protection because the neighborhood was not safe. Alberta waited for him at the bottom of the apartment stairs.

When Appellant did not come down, Alberta called up to inquiry about the delay. There was no response. Alberta climbed the stairs to Appellant's apartment and Appellant appeared with a knife, backed her into his bedroom, and told her "don't give [me] no problem." Appellant ordered her to take her clothes off. In fear for her life, Alberta removed her shoes, her jogging pants and her panties. She told Appellant not to do it, that she was old enough to be his mother, but Appellant raped her.

In his first point of error, Appellant contends that the evidence is insufficient to prove that the Complainant was not his spouse. Prior to September of 1991, TEX.PENAL CODE ANN. § 22.011 (Vernon 1989) required the State to prove that the complainant was "not the spouse of the actor." The Legislature amended § 22.011 so that any sexual assault offense "committed on or after" September 1, 1991, would no longer require such proof. Appellant was indicted on June 3, 1991. The indictment alleged that "on or about May 9, 1991," Appellant sexually assaulted the Complainant. Because the offense occurred prior to September 1, 1991, we must apply the old statute.

■ When reviewing the sufficiency of the evidence, this Court must view evidence in the light most favorable to the verdict, and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Meyers v. State,* 737 S.W.2d 6, 8 (Tex.App.—Corpus Christi 1987, no pet.). Alberta testified that she had known Sonny Jenkins for "twenty to twenty-two years," and that she had told people that he was her husband. Sonny testified that he had known Alberta for twenty years, and that he is the father of her two youngest children. Teresa, Alberta's friend, testified that Alberta's "husband" dropped Alberta off. When questioned about who she thought was Alberta's husband, Teresa responded, "Sonny." Appellant himself testified that he knew Sonny as Alberta's "common-law husband." His very defense was that Alberta consented to have sex with him, but when her husband unexpectedly showed up and saw her leaving the Appellant's apartment, Alberta became fearful and lied to her husband that she had been raped. We find that the record is replete with evidence that the Complainant is not the Appellant's wife. We overrule the first point of error.

■ In his second point of error, Appellant maintains that a comment by the prosecutor denied him a fair trial. During direct examination of the Complainant, the prosecutor was attempting to have her identify various apartment doors on a diagram and "set the scene" for the jury. The following colloquy transpired:

State: This is a building right here.... Does that look familiar to you?

Witness: I can't see good. My eyesight is bad.

State: How's that?

Witness: That's fine.

State: Can you read this stuff on here now? Can you see the letters on here?

Witness: Some of it, yes, Sir.

State: Does it look familiar?

Witness: Yeah.

State: Now this is Teresa's apartment right over here, is that right?

Witness: Uh-huh.

State: There's another door here?

Witness: Yes, another door.

State: Now this door right here, where does that lead to? If you go through that door, what do you see?

Witness: Wait a minute. This is Teresa's.

State: Teresa's over here, is that right, if you're looking at the front of the building? If you're looking at the front of the building, Teresa' door is on the left-hand side, is that right?

Witness: Uh-huh.

State: And this door right here—if you open that door, do you know what's behind it? If you open that door, do you know what you'll be looking at?

Witness: If I open Teresa's door?

State: No, this door right here.

Witness: The door next to Teresa's, that's the house where I got raped.

State: I know that.

Appellant's trial counsel objected to the prosecutor's statement, and the Court sustained the objection. Appellant's trial counsel then asked that the jury be instructed to disregard the statement, and the Court told the jury to disregard. The prosecutor apologized to the Court for his statement, and then asked the Complainant, "listen very carefully. Behind this door, when you walk in there, what do you see? Is there another door, or stairs, or do you know?" The Complainant responded, "Oh, stairs."

The prosecutor's statement that he "knew" that was the door that led to the place the Complainant was raped, was not an intentional statement made to prejudice the jury. It was merely an attempt to get a confused witness to answer a question. In order to constitute reversible error, the comment must have been "clearly calculated to inflame the minds of the [jurors]." *Boyde v. State*, 513 S.W.2d 588, 590 (Tex. Crim.App.1974). This statement was not so prejudicial as to require reversal. Further, error, if any, was cured when the trial court sustained Appellant's objection and instructed the jury to disregard the statement. *Jacobs v. State*, 787 S.W.2d 397, 406 (Tex.Crim.App.) *cert. denied* 498 U.S. 882, 111 S.Ct. 231, 112 L.Ed.2d 185 (1990); *Boyd v. State*, 643 S.W.2d 700, 707 (Tex.Crim.

App.1982). Finally, Appellant fails to show error because he got all of the relief he requested. See, *Turner v. State*, 719 S.W.2d 190 (Tex.Crim.App.1986) and *Darty v. State*, 709 S.W.2d 652 (Tex.Crim.App. 1986). We overrule the second point of error.

■ In his third point of error, Appellant maintains that he was denied a fair trial due to the prosecutor's comment during closing argument that the Complainant had never before been convicted of a crime.

Appellant admitted during direct examination that he had been convicted in 1978 for sexual assault. In closing argument, his trial counsel argued, "I assure you, if [the defendant] had any previous convictions aside from that, any other convictions, this prosecutor would have brought that out. That would have been brought to you. It wasn't. It wasn't because he's kept his nose clean."

During the State's closing argument, the prosecutor argued, "Has [the Complainant] got a criminal history like him? You can be assured that if she did, it would be out in front of you right now; but she doesn't. She's done the best with what she has." No objection was lodged to the prosecutor's comment.

■ "A prosecutor may not go outside the record to bolster the credibility of a witness." *Harkey v. State*, 785 S.W.2d 876, 882 (Tex.App.—Austin 1990, no pet.); *Menefee v. State*, 614 S.W.2d 167 (Tex. Crim.App.1981). The State maintains that the comment about the Complainant's criminal history was merely a response to Appellant's argument. See, *Harkey* at 882. The State may properly respond to opposing counsel's arguments, or may object to improper argument made by opposing counsel. The State may not, however, bolster its witness' credibility with unsworn testimony. *Id.* That is exactly what the State did in this instance.

■ Generally, any impropriety in a prosecutor's argument is waived when a defendant fails to make a "proper and timely objection." *Will v. State*, 794 S.W.2d 948, 951 (Tex.App.—Houston [1st Dist.]

1990, pet. ref'd); *Cisneros v. State*, 692 S.W.2d 78, 82 (Tex.Crim.App.1985). In order for such error to be reversible, it must have so infected the proceedings that the Appellant was denied a fair and impartial trial. *Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex.Crim.App.1985). We do not find that the comment was so egregious that it denied Appellant a fair and impartial trial. We overrule the third point of error.

 In his fourth and final point, Appellant contends that he was denied a fair trial when the prosecutor "bolstered" the Complainant's testimony by stating that she had told numerous people that she had been raped.

Appellant's trial counsel argued in his closing statement that after a passage of "30 minutes, 45 minutes to an hour, we really don't know, but there's no outcry made, there's no effort made at all to—." The prosecutor objected that this was a misstatement of the evidence, and the Court instructed the jury that "when the lawyer's argue, that's what they think happened; but you heard the testimony." During the State's closing argument, the prosecutor stated:

> Think of what has gone on from the time of this sexual assault until right now with this lady. Who did she tell first? Well, she told Sonny Jenkins, her common-law husband of 20 years, 18, 20 years. She told him. Well, first of all, she told Teresa. She told Teresa a few minutes after it happened, not 30 or 45 minutes later. Both of them testified to that. She told Sonny. Then who did she tell? She had to tell Officer Sheffield and his partner. There's four people. She had to go down and give that statement.... There's five people, Sergeant Glenn. Then where did she go? After the rape, where did she go? She had to go to the hospital and talk to Farah Waller, the emergency nurse, there's six. There's a doctor in there, there's seven. There's 12 people in here right now, that's 19. There's me, that's 20, and there's a prosecutor before me, that's 21. And there's an investigator, and that's 22.

Appellant maintains that this was improper jury argument which denied him a fair trial.

 Proper jury argument encompasses one of four areas: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answers to arguments of opposing counsel; and (4) pleas for law enforcement. *Cannon v. State*, 668 S.W.2d 401, 404 (Tex.Crim.App.1984). Only two persons in the list can not be substantiated by the record; the prior prosecutor and the investigator. We believe that the prosecutor was attempting to respond to opposing counsel's argument that the Complainant made no outcry. Any error he made in mentioning two individuals not in the record was not preserved for our review because no objection was lodged at trial. *Cisneros v. State*, 692 S.W.2d 78, 82 (Tex.Crim.App.1985). Further, the error, if any, is not reversible because it was not so egregious as to deny Appellant a fair and impartial trial. *Jacobs v. State*, 787 S.W.2d 397, 406 (Tex.Crim.App) *cert. denied* 498 U.S. 882, 111 S.Ct. 231, 112 L.Ed.2d 185 (1990). Appellant's fourth point of error is overruled, and the judgment of the trial court is affirmed.