**Bobby Ray HAYDEN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–98–00241–CR.**

Court of Appeals of Texas,
Texarkana.

Argued Dec. 9, 1999.

Decided Jan. 7, 2000.

Henry Whitley, Quitman, for appellant.

Tim Cone, Upshur County Dist. Atty., Gilmer, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Bobby Ray Hayden, Jr. appeals from his conviction for the offense of indecency with a child. He was found guilty by a jury, which then assessed his punishment at five years' imprisonment. Judgment was entered in accordance with the jury's verdict. On appeal, Hayden contends that the evidence is legally and factually insufficient to establish his guilt beyond a reasonable doubt, and that the trial court erred in admitting extraneous offenses over his Rule 404(b) notice objection. We find the evidence legally and factually sufficient, but reverse and remand because the court erred in admitting the extraneous offenses.

Beverly and Tracy Reynolds are married and have two children, but have been separated for a number of years. Since their separation in 1989 or 1990, their two children, K.R. and A.R., ages twelve and thirteen at the time of trial, have lived with Tracy but have visited Beverly whenever possible. Beginning about 1991, Beverly began living with Hayden and continued to live with him until about 1995. During this period, Beverly's two children visited her at Hayden's home and sometimes were left alone with Hayden while Beverly was at work.

A.R. is a female child named as the victim in the indictment. She alleges that Hayden committed several acts of sexual misconduct against her while she was at

his home.[1] A.R. testified that Hayden had taken his pants off and exposed himself while they were both in the living room of his home. She stated that on two other occasions, Hayden forced her to undress and lie on the floor in front of him with her legs apart, and that on one of these occasions, Hayden also forced her friend, K.S., to do the same. K.S., age thirteen at the time of trial, corroborated A.R.'s rendition of this incident. A.R. and her brother, K.R., testified that Hayden had also forced them to watch a pornographic film. Both A.R. and K.R. testified that, after this movie was over, Hayden told A.R. to remove her clothes, and that when she refused, Hayden struck her.[2] Finally, A.R. testified that Hayden had also come into her bedroom at night to see if she had wet the bed, and that while checking, he had fondled her private parts.

A.R. told her grandmother, Johnnie Reynolds, about these acts, and the next day the family went to the sheriff's office to report the incidents. Hayden was charged with indecency with a child. Specifically, the indictment alleges that, on or about October 31, 1995, Hayden "did ... with the intent to arouse and gratify the sexual desire of said defendant, intentionally and knowingly expose the defendant's genitals to [A.R.] ...."

In reviewing the legal sufficiency of the evidence, we review the evidence in the light most favorable to the verdict and ask whether any rational trier of fact could have found that the essential elements of the offense were established beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573 (1979); *Teer v. State*, 923 S.W.2d 11, 17 (Tex.Crim.App.1996). In this type of review, the jury remains the exclusive judge of the credibility of witnesses and of the weight to be given their testimony.

*Barnes v. State*, 876 S.W.2d 316, 321 (Tex. Crim.App.1994). The appellate court is not to assess the evidence as a thirteenth juror; it is merely there to ensure the rationality of the fact finder, not to disregard, realign, or weigh the evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim.App.1988).

In reviewing the factual sufficiency of the evidence, we view all of the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996). When conducting this review, the reviewing court is authorized to disagree with the fact finder's determination; however, it must be appropriately deferential to the trier of fact and avoid substituting its own judgment for that of the jury. *Id.* at 133. This deference to the jury's findings is accomplished by finding fault only when the verdict is "manifestly unjust," "shocks the conscience," or "clearly demonstrates bias." *Id.* at 135, *citing Meraz v. State*, 785 S.W.2d 146 (Tex.Crim.App. 1990).

■ Article 21.11 of the Penal Code states in pertinent part:

> (a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:
>
> (1) engages in sexual contact with the child; or
>
> (2) exposes his anus or any part of his genitals, knowing the child is present, with intent to arouse or gratify the sexual desire of any person.

TEX. PEN.CODE ANN. § 21.11(a) (Vernon Supp.2000). In the indictment, the State alleged that Hayden exposed his genitals

---

1. The indictment alleges that the offense was committed on or about October 31, 1995. Other than this date, there is no time period defined as to when these acts of sexual misconduct occurred. No dates or times are given, and no explanation as to their relation in time to one another is established.

2. A.R. testified that Hayden struck her once; K.R. testified that Hayden struck her twice.

to A.R. Hayden first contends that the evidence was legally and factually insufficient to establish two necessary elements of this offense. While he concedes that the victim's testimony does place her in the living room with him when the exposure allegedly occurred, he claims that the evidence does not prove that he knew the child was present during the exposure, or that he had the intent to arouse or gratify his sexual desires when he exposed himself.

█ It has been consistently held that both knowledge and intent can be inferred from conduct of the accused, remarks by the accused, and all circumstances surrounding the act; however, it has also been held that an overt act, characterized as an attention-getting device, is merely evidentiary and is not an element of the offense of indecency with a child. *See McKenzie v. State*, 617 S.W.2d 211, 216 (Tex.Crim.App. [Panel Op.] 1981); *Turner v. State*, 600 S.W.2d 927, 929 (Tex.Crim. App. [Panel Op.] 1980); *Ercanbrack v. State*, 646 S.W.2d 480, 481–82 (Tex.App.-Houston [1st Dist.] 1982, no pet.). Therefore, such an overt act is not required to uphold a conviction for a violation of Section 21.11(a)(2). *Ercanbrack*, 646 S.W.2d at 481–82, *citing Turner*, 600 S.W.2d 927.

█ As discussed above, A.R. testified that Hayden had exposed himself to her in the living room of his home. A.R., K.S., and K.R. all testified that Hayden had committed many acts of sexual misconduct, and with the exception of the bed-wetting incident, all of these acts had occurred in Hayden's living room. Hayden testified that he never exposed himself to A.R.

while he was in the living room. Hayden complains that this evidence is legally and factually insufficient to support a finding that he exposed himself to A.R., both knowing that she was present and for the purpose of sexually gratifying himself.[3] However, viewing this evidence in the light most favorable to the verdict, both of these elements can be inferred from the circumstances. These elements have been inferred from much less evidence than there is in this case. *See Turner*, 600 S.W.2d at 929–31; *Claycomb v. State*, 988 S.W.2d 922, 926 (Tex.App.-Texarkana 1999, pet. ref'd); *Barker v. State*, 931 S.W.2d 344, 346–47 (Tex.App.-Fort Worth 1996, pet. ref'd). For example, in the *Barker* case, a child testified that she observed a man sitting in his truck, outside of her elementary school, with his pants pulled down and his penis exposed. *Barker*, 931 S.W.2d at 347. This was held to be sufficient evidence of both knowledge and intent. *Id.*

In the instant case, viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The testimony given by A.R., K.S., and K.R. was obviously believed by the jury, and Hayden's knowledge and intent could easily have been inferred. Additionally, even if the evidence in this case is viewed without the prism of "in the light most favorable to the prosecution," the jury's verdict is not clearly wrong or unjust. It was well within the province of the jury to believe A.R.'s testimony and disbelieve Hayden's testimony, especially in light of other evidence introduced regarding other incidents of

---

3. Hayden argues that, to the extent the extraneous offenses were offered to supply this proof, "[t]here is no evidence of the temporal relationship of these events to the charged conduct and accordingly they are of no evidentiary value in ascertaining Appellant's mind set [sic] at the time of the alleged offense." However, Hayden cites no authority for this proposition. When the brief contains no authority to support its argument, a point is inadequately briefed. *Garcia v. State*, 887 S.W.2d 862, 871 (Tex.Crim.App.1994). Tex.

R.App. P. 38.1(h) and its predecessor, Tex. R.App. P. 74(f) (Vernon 1997), have consistently been found to mean that an appellant presents the court of appeals with nothing to review when he fails to cite any authority for his argument or arguments in his points of error. *Id.; State v. Gonzalez*, 855 S.W.2d 692, 697 (Tex.Crim.App.1993). Thus, when a point of error is not adequately supported by either argument or authorities, nothing is presented for appellate review. *Garcia*, 887 S.W.2d at 883.

sexual misconduct by Hayden. The evidence is both legally and factually sufficient to support the jury's findings.

▮▮▮▮ Hayden also contends that the evidence is factually insufficient because of inconsistencies between A.R.'s testimony at trial and her statement to the authorities regarding these incidents of sexual misconduct. It is true that A.R.'s testimony at trial and her statements given to the police contained some discrepancies; however, it is also true that in a trial by jury, reconciliation of conflicts and contradictions in the evidence is within the province of the jury, and such conflicts will not require a reversal as long as there is enough credible testimony to support the conviction. *Bowden v. State,* 628 S.W.2d 782, 784 (Tex.Crim.App.1982); *see Butler v. State,* 890 S.W.2d 951, 953 (Tex.App.-Waco 1995, pet. ref'd).

A.R.'s statement to the police alleged that on both occasions when Hayden forced her to undress, he had also undressed and sat on the couch and played with his penis. At trial, however, A.R. testified that Hayden had always remained fully clothed when he forced her to undress and lie on the floor in front of him.[4] A.R. also told police in her statement that on the occasion when Hayden had forced her to watch a pornographic film, he was completely naked. However, at trial, A.R. testified that Hayden was not naked while they were watching the movie. A.R. testified that when she was giving her statement to the authorities, she was extremely nervous and could not remember everything clearly. A.R. also testified that she was telling the truth at trial.

While it is true that there are contradictions between A.R.'s testimony at trial and her statement to the police regarding certain alleged incidents, it is also true that some of A.R.'s testimony at trial was not contradicted by her statement to the authorities. Since it is the jury's choice to believe some witnesses and refuse to believe others, and it is their right to accept portions of the testimony of a witness and reject other portions, the jury was well within their rights when they chose to believe certain portions of A.R.'s testimony and find Hayden guilty of this offense. *See Bowden,* 628 S.W.2d at 784. There is sufficient credible testimony regarding the exposure to support Hayden's conviction, and the verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. We find the evidence is not factually insufficient to support the jury's verdict.

▮▮▮ Hayden further contends that the trial court erred in admitting extraneous offenses over his Rule 404(b) notice objection. Under Rule 404(b) of the Texas Rules of Evidence, extraneous offenses may be admissible "provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction." TEX.R. EVID. 404(b). At trial, the State presented evidence of the following: Hayden had exposed himself to A.R.; Hayden had forced A.R. to undress and spread her legs for him; Hayden had forced A.R. and her friend, K.S., to undress and spread their legs for him; Hayden had forced A.R. and her brother, K.R., to watch a pornographic film; Hayden had struck A.R. when she refused to undress for him; and Hayden had fondled A.R. when he was checking to see if she had wet the bed. Hayden contends that he filed a timely request for notice of the State's intent to introduce any extraneous offenses and that the State failed to provide him with this requested notice.[5]

---

4. K.S.'s testimony corroborated A.R.'s testimony that Hayden had remained fully clothed on the occasion when he forced both of them to undress for him.

5. Hayden also contends that the State failed to provide him with adequate notice of the extraneous offenses that it planned to introduce at the punishment phase of trial. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(g) (Ver-

■ In response, the State first contends that it was not required to provide Hayden with notice of its intent to introduce this evidence at trial. The State contends that these incidents are same transaction contextual evidence and therefore do not constitute extraneous offenses. Same transaction contextual evidence refers to other offenses that are so connected with the primary offense that they are essential to the State's logical presentment of the evidence regarding the charged offense. *See Rogers v. State*, 853 S.W.2d 29, 33 (Tex.Crim.App.1993). In other words, the facts and circumstances of the charged offense would make little or no sense if the other offenses were not disclosed, and in narrating one it is necessarily impracticable to avoid describing the other. *See id.; Heiman v. State*, 923 S.W.2d 622, 625 (Tex.App.-Houston [1st Dist.] 1995, pet. ref'd). The notice requirements in Rule 404(b) do not apply to same transaction contextual evidence. *See Hodge v. State*, 940 S.W.2d 316, 319 (Tex. App.-Eastland 1997, pet. ref'd.).

In *Cole v. State*, the Second Court of Appeals states in dictum that this type of evidence is contextual in nature and therefore is not subject to the notice requirements of Rule 404(b). *Cole v. State*, 987 S.W.2d 893, 896 n. 1 (Tex.App.-Fort Worth 1998, pet. ref'd). The *Cole* court states in a footnote that:

> While we are not directly presented with this issue, we recognize that sexual abuse of a child rarely involves one distinct incident, but is usually an escalation of incidents over a period of time. Thus, in some cases, related incidents of sexual abuse of the same victim could provide context to the described offense.

*Id. Cole* cites a concurring opinion from the Texas Court of Criminal Appeals as authority for this position. *Sledge v. State*, 953 S.W.2d 253, 259 (Tex.Crim.App.1997) (Mansfield, J., concurring) (separate incidents of sexual misconduct against a child

victim should not be considered extraneous offenses when they are "part of a stream of continuous acts of criminal sexual misconduct with the victim named in the indictment").

■ We respectfully disagree with the *Cole* court's footnote. While there may be those cases where separate incidents of sexual misconduct could accurately be characterized as same transaction contextual evidence, not all repeated acts of indecency with a child constitute a single continuing offense. *See Francis v. State*, No. 1132–98, 1999 WL 993669, at *2 (Tex.Crim. App. Nov. 3, 1999), *citing Vernon v. State*, 841 S.W.2d 407, 410 (Tex.Crim.App.1992). In the instant case, none of the extraneous offenses shown were necessary to the jury's understanding of the indicted offense; the facts and circumstances of the primary offense could have been presented clearly without revealing the other occurrences. Further, Article 38.37 of the Texas Code of Criminal Procedure specifically provides a means of admitting extraneous offenses or acts against a child victim of sexual abuse into evidence, which by its very existence implies that not all acts against a child are contextual in nature. *See* Tex.Code Crim. Proc. Ann. art. 38.37 (Vernon Supp.2000). We find that the additional incidents of sexual misconduct shown in the case at hand were not same transaction contextual evidence, but were extraneous offenses subject to the notice provision in Rule 404(b).

■ The notice mandated by Rule 404(b) must be reasonable. However, the rule does not require the State to give its notice in any particular manner. *See Neuman v. State*, 951 S.W.2d 538, 540 (Tex. App.-Austin 1997, no pet.). Here, it is not disputed that Hayden properly requested notice of the State's intent to introduce any extraneous offenses during trial; the dispute is over whether the State gave

non Supp.2000). The requirements for notice of intent to introduce extraneous offenses are

the same according to Article 37.07, § 3(g) as they are with regard to Tex.R. Evid. 404(b).

reasonable notice in response to Hayden's request.

Hayden contends that a specific response to his Rule 404(b) request was necessary, and that instead of specific notice, the State merely provided the name of K.S. as a witness. Hayden argues that this was insufficient notice because it did not adequately apprise him of the extraneous offenses the State planned to introduce at trial. Hayden relies on *Buchanan v. State*, which held that when the State has an "open file" policy, and there is information regarding the defendant's extraneous offenses in the State's files, this alone does not constitute sufficient notice under Rule 404(b). *Buchanan v. State*, 911 S.W.2d 11, 15 (Tex.Crim.App.1995). In *Buchanan*, the Texas Court of Criminal Appeals held that this was not sufficient notice because "[t]he mere presence of an offense report indicating the State's awareness of the existence of such evidence does not indicate an 'intent to introduce' such evidence in its case in chief." *Id.*[6]

 The State contends that while *Buchanan* is an accurate statement of the law, it is not controlling in this case because the State did more than merely open its file to Hayden. In addition to sending notice of its intent to call K.S. as a witness, the State also sent to Hayden copies of written statements made by K.S. and K.R. The State contends that these statements referred to all extraneous offenses that the State intended to introduce at trial, and therefore gave Hayden actual notice of the extraneous offenses and actual notice that they would be a part of the State's case.[7]

While it is clear from *Buchanan* that merely opening a file does not constitute notice, it is still unclear as to what is actually necessary to constitute "reasonable" notice. The Fort Worth court in *Cole* focused on the purpose of the notice requirement to determine if notice was sufficient and concluded that the purpose of the notice requirement is to prevent surprise to the defendant and apprise him of the offenses the State plans to introduce at trial. *See Cole*, 987 S.W.2d at 897, *citing Self v. State*, 860 S.W.2d 261, 264 (Tex.App.-Fort Worth 1993, pet. ref'd). Therefore, according to this analysis, as long as the element of surprise has been eliminated and the defendant has actual knowledge of the information that the State had in its possession regarding the extraneous offenses, then the notice is sufficient. *Cole*, 987 S.W.2d at 896–97.

Not all courts have focused solely on the purpose of the notice requirement in determining if the notice was sufficient. Instead, some courts have chosen to also focus on whether or not the State has notified the defendant of its "intent to introduce" the extraneous offenses. *See Roman v. State*, 986 S.W.2d 64, 66–68 (Tex.App.-Austin 1999, pet. ref'd) (very general written notice of the State's intent

6. The State cites *Espinoza v. State* in support of the proposition that, on some occasions, a mere open file policy does constitute reasonable notice. *Espinoza v. State*, 828 S.W.2d 53 (Tex.App.-Houston [14th Dist.] 1991), *aff'd*, 853 S.W.2d 36 (Tex.Crim.App.1993). However, *Espinoza* was decided by the Texas Court of Criminal Appeals before *Buchanan*, and while the court did affirm the lower court's decision, it did so on wholly different grounds and specifically chose not to address the issue of whether a mere open file policy constitutes reasonable notice. *Espinosa v. State*, 853 S.W.2d 36, 39 (Tex.Crim.App.1993).

7. The record is not clear as to when the State tendered these statements to Hayden. The State contends that they were given to Hayden sometime before trial, but the record does not show how long before trial they were tendered or what prompted their delivery to Hayden. The statements are not a part of the record before this Court. Therefore, we have no way of knowing if the extraneous offenses admitted at trial were even discussed in these statements. The State's reliance on these statements to satisfy its notice requirements is misplaced, since an appellate court may not consider matters outside the appellate record. *See Thull v. State*, 963 S.W.2d 879, 881 (Tex. App.-Texarkana 1998, no pet.). Mere assertions in a brief not supported by evidence in the record will not be considered on appeal. *Id.,citing Janecka v. State*, 937 S.W.2d 456, 476 (Tex.Crim.App.1996).

to introduce extraneous offenses, together with the police offense report attached to and incorporated by reference in the State's notice is sufficient); *Woodard v. State*, 931 S.W.2d 747, 749 (Tex.App.-Waco 1996, no pet.) (State gives sufficient notice when it gives the defendant copies of his pen packets and criminal history and tells him that everything in the documents was subject to introduction); *Dodgen v. State*, 924 S.W.2d 216, 219 (Tex.App.-Eastland 1996, pet. ref'd) (the State's notice is not sufficient to allow evidence of all extraneous offenses when its response only gives notice of its intent to introduce proof of one offense, even when a complete record of defendant's criminal history is attached). This focus on the State's "intent to introduce" makes certain the defendant is apprised, not only of what the State knows, but also what it intends to introduce at trial.

Since the precise language of Rule 404(b) specifically requires the State to give notice of its "intent to introduce" the extraneous offense, we find that the better approach is to focus, not only on eliminating the surprise to the defendant, but also on whether the State has informed the accused of its intent to introduce these offenses at trial. Here, the State did not give reasonable notice of its "intent to introduce" the extraneous offenses. Such extraneous offense evidence was presented through the testimony of K.S., K.R., and A.R., and pursuant to Rule 404(b) the State was required to give reasonable notice of its intent to introduce that evidence. Having failed to give even general notice of this intent, these extraneous offenses should have been excluded.

Hayden contends that it would be impossible to find that the error in the admission of this evidence did not affect his substantial rights. A substantial right is affected "when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997), *citing Kotteakos v. United States,*

328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557, 1572 (1946). We agree. It cannot be said with fair assurance that this testimony did not influence the jury's verdict. The State conceded as much at oral argument.

The judgment is reversed, and the case is remanded for a new trial.

Dissenting Opinion by Chief Justice CORNELIUS.

WILLIAM J. CORNELIUS, Chief Justice, dissenting.

Because I believe that the alleged "extraneous" acts referred to in the majority opinion are not extraneous acts, but constituted same transaction contextual evidence, I respectfully dissent.

A careful reading of the reporter's record reveals that the indicted offense and all of the other acts occurred at or near the same time. All of them occurred in the same house. All but the fondling occurrence occurred in the same room with the same persons present. The entire episode was a continuous course of sexual abuse. The record does not show that the so-called extraneous acts occurred at any specific date, and the victim's testimony, as well as the overall history, shows that all of the acts occurred within a brief time span.

Additionally, Hayden's counsel vigorously and extensively inquired into all of the alleged extraneous acts and attempted to show that they were caused by, or were part of, a course of nudity or lack of modesty on the part of the victim and her female friend, as demonstrated by their going about the room and watching television while wearing only their loose-fitting underwear. Hayden did not even object to the other acts on the ground that they were not same transaction contextual evidence. He objected only on the ground that they were the kind of extraneous acts covered by the notice requirements of Rule 404(b). Same transaction contextual

evidence does not constitute extraneous acts, and it is not subject to the notice requirements of Rule 404(b). *See* Tex.R. Evid. 404(b); *Hodge v. State,* 940 S.W.2d 316, 319 (Tex.App.-Eastland 1997, pet. ref'd).

Requiring the State to prove only the indicted offense without showing the other acts would require the State to prove the offense in a vacuum, omitting facts showing the context and the circumstances of the offense, including Hayden's intent to gratify his sexual desire and his defensive claim of complicity on the part of the children. Showing that Hayden engaged in indecent conduct with the other children tends to show that he intended to gratify his sexual desire rather than acting innocently as a surrogate parent.

The majority opinion states that the indicted offense could have been proved without proving the other acts. But that is not the test for same transaction contextual evidence. Almost any offense can be proved in a vacuum, but the State is not required to limit its proof to the indicted act when the other acts surrounding it are a part of the same transaction and will assist the jury in understanding the circumstances of the offense and the motivation for it. This is especially true in child sexual abuse cases. *See Cole v. State,* 987 S.W.2d 893, 897 (Tex.App.-Fort Worth 1998, pet. ref'd).

Even if the acts in question here did constitute extraneous acts subject to the notice requirements, I would hold that the State substantially complied with the requirements. Hayden's counsel admittedly was aware of the acts and was not surprised by their introduction. The State had provided Hayden's counsel with copies of the statements of K.S. and K. R., which detailed all of the alleged extraneous acts. Although we do not have the statements before us, Hayden's counsel does not dispute the State's assertion that the statements were delivered to Hayden's counsel and that they fully revealed the alleged extraneous acts. The admissions of counsel relating to the delivery of the statements are sufficient to raise an inference that Hayden's counsel knew that the State intended to introduce evidence of the alleged extraneous matters and that the notice required by Rule 404(b) was adequately satisfied.

I would affirm the judgment.