Affirmed and Majority and Concurring Opinions filed October 5, 2004









Affirmed and Majority and Concurring Opinions filed
October 5, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01052-CR

____________

 

ROBERT
CHARLES MCDONALD, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee



 



 

On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 881,725



 



 

C O N C U R R I N G   O P I N I O N








The trial court admitted over appellant=s objection testimony of two
extraneous offenses that appellant allegedly committed after the charged
offense occurred.  Appellant allegedly
perpetrated these extraneous offenses on another child, who was not present when
the charged offense took place.  Despite
appellant=s timely request, the State did not
give appellant reasonable notice in advance of trial of its intent to introduce
this evidence. Because these alleged extraneous offenses are not
same-transaction contextual evidence, the trial court erred in admitting this
evidence.  However, because the record in
this case shows that this error does not affect appellant=s substantial rights, the admission
of the evidence was harmless.  Therefore,
this court is correct to overrule appellant=s third issue and affirm the judgment
of the trial court. 

The Extraneous Offenses

Over appellant=s
objection, the trial court allowed the complainant, T.D., to testify in the
guilt-innocence phase as to extraneous offenses appellant allegedly perpetrated
on B.C., T.D.=s young cousin, after B.C.
arrived in the apartment later in the day on which the charged offense
occurred.  Although the extraneous
offenses to which T.D. testified occurred on the same day as the charged
offense, these offenses allegedly took place after the charged offense already
had been completed.  Further, B.C., the
alleged victim of these extraneous offenses, was not even present when the
charged offense against T.D. occurred.  

Although the State gave appellant
reasonable notice of its intent to introduce other related extraneous offenses
allegedly committed by appellant against B.C. later in the day on which the
charged offense occurred, the notice provided by the State did not reasonably
apprise appellant of the State=s intent
to introduce the evidence that is the subject of appellant=s third
issue.

Requirements
to Qualify as Same-Transaction Contextual Evidence

The State argues, and the
majority concludes, that no notice was necessary under Texas Rule of Evidence
404(b) because the evidence in question was same-transaction contextual evidence.  See Tex.
R. Evid. 404(b).  Same-transaction
contextual evidence is evidence of other offenses connected with the primary
offense.  Mayes v. State, 816
S.W.2d 79, 86 (Tex. Crim. App. 1991).  To
qualify as same-transaction contextual evidence, the connection must be so
close that it would be difficult to adequately testify about the primary
offense without mentioning the extraneous offense.  Id. at 86 n.4.  When, however, the facts of the primary
offense can be understood on their own, notice is needed for evidence about
extraneous offenses.  Buchanan v.
State, 911 S.W.2d 11, 15 (Tex. Crim. App. 1995).








The primary offense in this case C
appellant=s indecency with a child, T.D.C can be
fully understood without testimony of the extraneous offenses in question C
appellant=s alleged indecency with
B.C.  This is because everything
appellant was accused of having done to T.D., such as having her straddle his
leg, kissing her breast, or asking to see under her dress, is fairly simple,
straightforward, and capable of being understood on its own.  Thus, evidence about subsequent extraneous
offenses involving B.C. should not have been introduced without notice because
these offenses cannot be classified as same-transaction contextual
evidence.  See Hayden v. State, 13 S.W.3d 69, 74B75 (Tex. App.CTexarkana 2000, pet. ref=d) (holding that evidence of
other sexual misconduct by appellant was not same-transaction contextual
evidence).

The majority concludes that
testimony about the extraneous offenses in this case was correctly admitted as
same-transaction contextual evidence because the two offenses were alleged to
have occurred in close spatial and temporal proximity to the charged
offense.  However, in Camacho v. State,
the Court of Criminal Appeals effectively rejected attempts to define what
constitutes same-transaction contextual evidence using temporal or spatial
proximity.  See 864 S.W.2d 524,
532 (Tex. Crim. App. 1993).  In Camacho,
the extraneous offense occurred four days after the primary offense, in a
different state, and had different victims, but was still held to be admissible
as same-transaction contextual evidence. 
Id.  This holding strongly
suggests that the sole determinant of what constitutes same-transaction
contextual evidence is the standard from Mayes: whether the evidence is
essential to understand the nature of the crime alleged.  See Camacho, 864 S.W.2d at 532.  In this case, hearing testimony about the
alleged extraneous offenses involving B.C. is not essential to understand the
primary offense involving T.D. See Hayden, 13 S.W.3d at 74B75.

Lack of Notice Under Texas Rule of Evidence
404(b)

 








In its appellate brief, the State
alleges that it gave appellant reasonable notice of its intent to introduce
evidence of extraneous offenses as required by Texas Rule of Evidence 404(b)
when it informed appellant that it intended to introduce evidence that he had
touched B.C.=s breast.  However, the State did not indicate it would
introduce evidence about appellant pulling down B.C.=s pants
and underwear or asking B.C. to touch his Aprivate
area.@ Just as
a defendant is not required to make inferences about the State=s intent
from a subpoena list or other documents in the file, a defendant should not be required to
make inferences about whether the State has submitted an exhaustive list of
alleged extraneous offenses it intends to introduce into evidence.  See Webb v. State, 36 S.W.3d
164, 179 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d) (en banc) (holding that State=s listing of complainant from another
case on its subpoena list did not constitute reasonable notice under Texas Rule
of Evidence 404(b)).  Consequently, the
State=s notice of its intent to introduce
evidence of one incident involving the touching of B.C.=s breast did not constitute
reasonable notice of an intent to introduce evidence about the other two
incidents, and it was an abuse of discretion for the trial court to admit this
evidence.

Harm Analysis

The next step is to perform a nonconstitutional harm analysis[1]
to determine whether a substantial right was violated.  Id. at 181. Because neither party has
the burden of showing the error violates a substantial right, we look to the
record to determine the effect of the error. Id.  To perform a harm analysis as to the
erroneous admission of evidence despite failure to give the reasonable notice
required under Rule 404(b), the court should consider whether the trial court=s
admission of the evidence of extraneous offenses notwithstanding the State=s failure
to give the requisite notice constitutes an error that substantially influenced
the jury=s decision.  Id. at 183.  In making this determination, we evaluate the
impact on the appellant=s ability
to present a viable defense and any other effect the lack of  notice might have had on the proceedings,
that is, whether it so hampered the appellant=s defense
that it affected a substantial right.  Id. 









In considering the impact of the error on appellant=s ability to defend, we look to
whether the defense was able to effectively cross‑examine the witness
through whom the extraneous offense evidence was introduced.  Notably, after the trial court ruled that the
evidence of the extraneous offenses in question would be allowed, the defense
did not claim to be surprised by T.D.=s testimony regarding these alleged
offenses, and the defense did not request a continuance or otherwise seek a
delay in the trial.  Moreover, there is
nothing in the record to indicate appellant suffered any actual prejudice as a
result of a lack of time to prepare for the cross‑examination of T.D.
regarding these alleged extraneous offenses. 
Under these circumstances, the trial court=s error in allowing the admission of
evidence of these extraneous offenses without the requisite notice from the
State did not affect the outcome.  See
id.  Because the trial court=s error was harmless, this court is
correct to overrule appellant=s third issue and affirm the trial court=s judgment.

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered
and Majority and Concurring Opinions filed October 5, 2004.

Panel consists of
Justices Edelman, Frost, and Seymore. 
(Edelman, J., majority.)

Publish C Tex.
R. App. P. 47.2(b).

 











[1]  The only
objection appellant voiced to the admission of the extraneous offenses in
question was the lack of notice. 
Therefore, we conduct the harm analysis appropriate to the erroneous
admission of extraneous-offense evidence as to which no reasonable notice was
given.  See Webb, 36 S.W.3d
at 183.