**Floyd Earl WILCOX, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–83–625CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 5, 1984.

Jimmy James, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Floyd Earl Wilcox appeals his judgment of conviction for indecency with a child. The jury assessed his enhanced punishment at fourteen years and one day imprisonment and a $5,000.00 fine. In two grounds of error, appellant contends the evidence was insufficient to support two of the elements of the offense. We affirm the judgment of the trial court.

In order to review the insufficiency of evidence point, we summarize the relevant evidence. One afternoon, Dee and Lil,[1] young girls, ages ten and twelve, were playing on a trampoline in Lil's back yard. At the far end of the back yard stood a dilapidated wooden fence which, in turn, separated the yard from a small drainage ditch. Beyond this drainage ditch was a small clearing, bordered by a dense wooded area.

As the girls were jumping on the trampoline, they noticed a man, later identified as the appellant, walking toward the clearing. They continued watching him while they jumped up-and-down on the trampoline until appellant stopped in the clearing across the ditch from Lil's back yard. The girls then stopped jumping and began watching him through a gap in the fence where one

of the boards was missing and where he and they were plainly visible to each other. Appellant then put down the handsaw he was carrying, faced the girls, and pulled down his pants, exposing his genitals. The girls screamed and ran to Lil's house. Appellant vacated the clearing and ran into the woods. Several days later Lil identified appellant as the man they saw. Appellant was charged and eventually convicted of indecency with a child.

■ On appeal, appellant contends that two of the elements of indecency with a child, namely knowledge that a child was present and intent to arouse or gratify the sexual desire of anyone, were not sufficiently supported by the evidence. *See Briceno v. State*, 580 S.W.2d 842 (Tex.Cr. App.1979). Under both the old and new penal codes, knowledge and intent may be inferred from conduct of, remarks by, and circumstances surrounding the acts engaged in by a defendant in indecency cases. *Turner v. State*, 600 S.W.2d 927, 929 (Tex. Cr.App.1980). *See McKenzie v. State*, 617 S.W.2d 211, 213–16 (Tex.Cr.App.1981). While words or deeds inviting a child to view appellant's genitals suggest these elements, active attention-getting conduct is not a prerequisite to conviction. *Turner* at 930. We must therefore determine whether, viewing the evidence in the light most favorable to the verdict, these circumstances justified the jury's decision. *See Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Cr.App.1981).

■ The testimony indicates that appellant stopped in a spot where he was clearly observable by the little girls and they, by him. He put down the saw he was carrying, faced the girls, and pulled down his pants. Each of these actions could easily be viewed as calculated to attract the girls' attention. If, as appellant suggests, he simply had the need for a restroom, he could easily have walked a few feet to the woods or at least faced away from the girls' direction. In any event he has shown

---

**1.** We have provided fictional names to avoid possible embarrassment to the young complain-

ant and her friend.

**14**

no compelling reasons for completely removing his pants while standing in an obvious clearing and directly facing a visible, occupied back yard. The distances involved here according to the testimony were relatively short and could be contained within the courtroom. As the appellant was facing the young girls from a short distance away in a clear open area, it is unrealistic to suggest that he was not aware of their presence. We find the jury was unquestionably justified in concluding from these circumstances that appellant knew the girls were present and acted accordingly in order to arouse his or their sexual desires. Appellant's first and second grounds of error are overruled.

The judgment is affirmed.