**Juan CASTILLO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–88–00134–CR.**

Court of Appeals of Texas,
San Antonio.

May 31, 1989.

Richard E. Langlois, San Antonio, for appellant.

Lynn Ellison, Asst. Dist. Atty., Karnes City, for appellee.

Before REEVES, BIERY and ONION,* JJ.

OPINION

ONION, Judge.

This is an appeal from a conviction for indecency with a child under TEX.PENAL CODE ANN. § 21.11(a)(2). Following the bench trial upon a plea of not guilty and the finding of guilt, the court upon proof of the alleged prior felony conviction assessed punishment at 20 years' confinement in the Texas Department of Corrections.

On appeal appellant challenges the sufficiency of the evidence to sustain the conviction. He contends the State failed to prove beyond a reasonable doubt that he knew that the complaining witness P____ M____ was present at the time or that he had the intent to arouse or gratify his sexual desire as alleged.

* Presiding Judge, Court of Criminal Appeals, Retired, appointed by the Chief Justice of the Supreme Court of Texas.

The indictment alleged in pertinent part that on or about May 9, 1987, Juan Castillo (called "Actor" thereinafter in the indictment)

did then and there intentionally and knowingly with the intent to arouse and gratify the sexual desire of the said Actor, intentionally and knowingly expose to P____ M____, a child younger than 17 years and not the spouse of the said Actor, the genitals of the said Actor, the said Actor then and there knowing that the said P____ M____ was present.

P____ M____, 11 years old, testified that she lived at 213 N. Tafolla in Frio County with her mother, stepfather and her brothers; that on a Saturday night in the middle of May, 1987, she was asleep in her bedroom in the front of the house; that the only light on was one outside "hanging on the porch"; that she was awakened by the neighbor's dogs at 2:40 "at night" and she saw the appellant "going around the fountain"[1] in front of the porch to the house; that appellant was naked except for tennis shoes and that she saw his "wee-wee" which she identified using an anatomical doll. P____ M____ testified that when appellant walked towards the porch and put his foot on the step she "got off" the bed and went to her mother's room. The mother was asleep and P____ M____ did not tell her mother until Sunday afternoon, the next day or some other Sunday.

The record shows that the house in question was next to a church, and that appellant lived in the rear of the church. How long he had lived there was not shown. P____ M____ testified that appellant had never come to visit and had never been inside her house. She related the front bedroom was hers, but her brother slept there on occasion; that appellant did not know where she, was "or anything like that"; that on the night in question that appellant didn't speak to her and she didn't speak. When asked if appellant looked at her she replied "I don't know." When

asked if appellant was "facing" her, P____ M____ replied he was "walking towards my room" which was later clarified to mean walking toward the front porch; that the front door to the house did not open into P____ M____'s room. State's Exhibit No. One, a schematic drawing of the house and neighborhood, to which the witness on occasion referred, did not find its way into the appellate record although admitted into evidence. We find references in the evidence to the exhibit such as "my room is just over there and the porch is here."

Further, on cross-examination we also find:

Q: How far away was Mr. Castillo, when you saw him?

A: Well, when I saw him he was where the fountain was. Where the fountain was, like from here to that man over there.

Such testimony in the record is of little aid to an appellate court.

Other than described, the record is devoid of any attention getting conduct by the appellant such as pointing, gesturing, playing with genitals, masturbating, smiling, laughing, beckoning, etc.

TEX.PENAL CODE ANN. § 21.11(a)(2) provides:

(a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:

.     .     .     .     .

(2) exposes his anus or any part of his genitals, knowing the child is present, with intent to arouse or gratify the sexual desire of any person.

The elements of such offense sans culpable mental state are set forth in 2 BRANCH'S TEXAS ANNOTATED PENAL STATUTES, § 22.11 (3d ed. 1974).

In *Briceno v. State*, 580 S.W.2d 842 (Tex. Crim.App.1979) it was held that indecency with a child pursuant to § 21.11(a)(2) requires the defendant to know that a child is

---

**1.** A deputy sheriff who investigated testified that in front of the porch to the house in question was a picnic table and a water faucet in the yard. Whether P____ M____ was referring to the faucet as a fountain was not made clear.

present. In addition, it must be established that the defendant had the intent to arouse or gratify the sexual desire of any person. *Prior v. State,* 628 S.W.2d 177 (Tex.App.—Houston [14th Dist.] 1982), *aff'd,* 647 S.W.2d 956 (Tex.Crim.App.1983). The instant indictment alleges that person to be the appellant.

In *Turner v. State,* 600 S.W.2d 927 (Tex. Crim.App.1980) the court wrote:

That in finding the evidence sufficient to convict the Court has *always* pointed to some word or deed on the part of the accused which invited the minor to view his displayed genitals does not mean that such an invitation is a prerequisite to finding the knowledge that the child is present and the essential intent to arouse or gratify sexual desire that are both necessary to sustain a conviction for violating § 21.11(a)(2). It simply indicates that evidence of that nature was in the case and, if believed by the fact finder, tended to show the damning knowledge and incriminating intent that must be found in order to convict. Attention-getting is merely an evidentiary matter—not an element of the offense.

*Id.* at 930 (emphasis supplied).

In *Turner, supra,* the court reviewed a number of previously decided cases in which attention getting conduct was present.[2]

In *Turner* it was shown the defendant pulled his car past the walking minor and stopped. As the 12–year–old minor passed, the defendant was seated on the center console, straddling the floorboard gearshift, and he had his pants and undershorts down to his knees, and he was playing with his private parts, while smiling and laughing at the minor.

For cases decided since *Turner, see Wilcox v. State,* 672 S.W.2d 12 (Tex.App.—Houston [14th Dist.] 1984, no pet.); *Ercanbrack v. State,* 646 S.W.2d 480 (Tex.App.—Houston [1st Dist.] 1982, no pet.); *Casper v. State,* 634 S.W.2d 39 (Tex.App.—Tyler 1982, no pet.). These cases all involved attention-getting conduct.

In *Ercanbrack, supra,* the court stated:

While we recognize that knowledge and intent can be inferred from conduct of, remarks by and circumstances surrounding the acts engaged in by an accused, *Allen v. State,* 478 S.W.2d 946 (Tex.Cr.App.1972) and *Dunlap v. State,* 440 S.W.2d 672 (Tex.Cr.App.1969), we further recognize that an overt act characterized as an attention-getting device is evidentiary and not an element of the offense of indecency with a child. Consequently, such an act is not required to uphold a conviction for a violator of § 21.11(a)(2).

646 S.W.2d at 481–82. *See also Wilcox v. State, supra.*

We agree, but point out that the elements of the offense must be proved beyond a reasonable doubt. TEX.PENAL CODE ANN. § 2.01; TEX.CODE CRIM. PROC.ANN. art. 38.03. Proof that amounts only to a strong suspicion or mere probability of guilt is insufficient to support a conviction. *Humason v. State,* 728 S.W.2d 363 (Tex.Crim.App.1987); *Moore v. State,* 640 S.W.2d 300 (Tex.Crim.App.1982).

▪ The trial judge was the trier of facts, the sole judge of the credibility of the witnesses and of the weight to be given to their testimony, and may accept or reject any part of a witness' testimony. *See Johnson v. State,* 571 S.W.2d 170 (Tex. Crim.App.1978). In the instant case the appellant did not testify or offer any witnesses as to this particular offense.

▪ The relevant question in determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560

---

**2.** *See Bowles v. State,* 550 S.W.2d 84 (Tex.Crim. App.1977); *Allen v. State,* 478 S.W.2d 946 (Tex. Crim.App.1972); *Dunlap v. State,* 440 S.W.2d 672 (Tex.Crim.App.1969); *Spikes v. State,* 386 S.W.2d 801 (Tex.Crim.App.1965); *Meredith v. State,* 350 S.W.2d 550 (Tex.Crim.App.1961). *See also Wilson v. State,* 388 S.W.2d 720 (Tex.Crim. App.1965). *Cf. Briceno v. State,* 580 S.W.2d 842 (Tex.Crim.App.1979).

(1974); *Dickey v. State,* 693 S.W.2d 386 (Tex.Crim.App.1984); *Houston v. State,* 663 S.W.2d 455 (Tex.Crim.App.1984); *Carlsen v. State,* 654 S.W.2d 444 (Tex.Crim. App.1983) (on reh'g).

■ Without reiterating the evidence we cannot conclude, applying the above described test, that the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that appellant knew that a child (P___ M___) was present as alleged in the indictment, an essential element of the offense under § 21.11(a)(2). The cause was tried jointly with another cause against this appellant, but no evidence relating to that offense causes a different result.[3]

The judgment of conviction is reversed and the cause remanded with instructions that an order of acquittal be entered. *See Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

**3.** *See Castillo v. State,* No. 04–88–00135–CR, this     day decided and affirmed.