COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-03-377-CR
         
2-03-397-CR
 
 
PRINCE 
LEON GREEN                                                             APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Prince 
Leon Green appeals his convictions for indecency with a child by exposure. In 
six points, appellant complains of ineffective assistance of counsel, contends 
that the trial court erroneously ordered him to pay attorney’s fees as a 
condition of parole, and challenges the sufficiency of the evidence to support 
one of his convictions.  We will affirm the trial court’s judgment in 
appeal no. 2-03-377-CR as modified and affirm the judgment in appeal no. 
2-03-397-CR in its entirety.
        Appellant 
was tried in a single proceeding on two indictments, each of which charged him 
with indecency with a child by exposure.[2]  In 
appeal no. 2-03-377-CR, appellant was charged with exposing his genitals to 
S.W.  In appeal no. 2-03-397-CR, appellant was charged with exposing his 
genitals to M.H.
        In 
his sixth point, appellant contends that the evidence is “insufficient” to 
support his conviction in appeal no. 2-03-377-CR because it does not show that 
appellant knew S.W. was present when he exposed himself.[3]  
Because appellant only requests a new trial, and not an acquittal, we will treat 
his complaint as a challenge to the factual sufficiency of the evidence.[4]
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party.[5]  The only question to be answered in a factual 
sufficiency review is whether, considering the evidence in a neutral light, the 
fact finder was rationally justified in finding guilt beyond a reasonable doubt.[6]  There are two ways evidence may be factually 
insufficient: (1) the evidence supporting the verdict or judgment, considered by 
itself, is too weak to support the finding of guilt beyond a reasonable doubt; 
or (2) when there is evidence both supporting and contradicting the verdict or 
judgment, weighing all of the evidence, the contrary evidence is so strong that 
guilt cannot be proven beyond a reasonable doubt.[7]
        In 
performing a factual sufficiency review, we are to give deference to the fact 
finder’s determinations, including determinations involving the credibility 
and demeanor of witnesses.[8]  We may not 
substitute our judgment for that of the fact finder’s.[9]
        In 
indecency cases, knowledge and intent may be inferred from the accused’s 
conduct and remarks, as well as the circumstances surrounding his actions.[10]  Active attention-getting conduct in the form of 
words or deeds inviting a child to view the accused’s genitals, while evidence 
of knowledge and intent, is neither an element of the offense nor a prerequisite 
to conviction.[11]
        The 
evidence shows that S.W. was eight years old and in the third grade at the time 
of trial.  She was acquainted with appellant because he lived in the same 
apartment complex as her grandmother.  S.W. testified that, after a fire in 
his apartment, appellant moved to another apartment in the same complex.  
S.W. and her cousin, M.H.,[12] both testified that 
their grandmother thought it would be nice if the girls helped appellant move 
into his new apartment.  The grandmother returned to her own apartment, 
leaving the girls to help appellant.
        The 
children made several trips carrying items between appellant’s old and new 
apartments.  Both girls testified that they went to appellant’s bedroom, 
where he handed them things to move.  Appellant also gave M.H. and S.W. 
pictures and posters of flowers for helping him.  After one of their trips, 
the girls decided to ask appellant if they could have more pictures.  They 
returned to appellant’s old apartment, walked through the living room to the 
bedroom, and saw appellant standing by his open bedroom door, “squeezing” 
and looking at his “privates.”
        S.W. 
testified that the bedroom door was completely open and appellant was looking 
down at his genital area.  S.W. was not sure appellant saw her, although 
she thought he did.  S.W. demonstrated at trial that she and M.H. had stood 
only about five feet away from appellant.  M.H. testified that the girls 
saw appellant through his half-open bedroom door, turned to the side so that 
they could see him rubbing his privates.  M.H. thought appellant did not 
know the girls were present because he was not looking at them.
        M.H. 
testified that the girls watched appellant for thirty seconds or a minute; S.W. 
testified that they only watched appellant for a couple of seconds.  Then 
the girls ran out of the apartment.  S.W. told her aunt, M.H.’s mother, 
about the incident that day and her mother the following day.
        Appellant 
contends that S.W.’s and M.H.’s testimony about what they thought appellant 
saw or knew is insufficient to establish that he knew they were present when he 
exposed his genitals on the day of the move.  In addition, appellant relies 
on the testimony of Detective Benjamin, who stated that he did not refer the 
matter to the district attorney’s office as an indecency by exposure case 
because he was not sure he could prove that appellant knew the children saw his 
penis and continued to masturbate.  Benjamin testified that the girls 
initially said appellant saw them looking at him, but later said they could not 
be sure.  But Benjamin further testified that he had mistakenly believed 
that the children had to know that appellant saw them, not that appellant 
had to know the children were present.
        The 
evidence shows that appellant knew S.W. and M.H. were making trips in and out of 
his apartment in their efforts to help him move.  The door to appellant’s 
apartment was wide open, but the screen door was closed.  The girls had to 
open the screen door and walk through the living room to reach appellant’s 
bedroom, where the door was also open.  They had already made several trips 
to appellant’s bedroom that day.  When they reached appellant’s bedroom 
and saw him masturbating, the girls stood only about five feet away from 
appellant for between “a couple” of seconds and a minute; then they ran out 
of the apartment and down the stairs.  Further, although appellant was not 
looking at the girls, he was turned to the side so that they could see him.
        Considering 
all of the evidence in a neutral light, we hold that the jury was rationally 
justified in finding beyond a reasonable doubt that appellant knew S.W. was 
present when he masturbated.  The evidence supporting this finding is not 
so weak, nor is the contrary evidence so strong, that the knowledge element of 
the charged offense could not be proven beyond a reasonable doubt.[13] Accordingly, because the evidence is factually 
sufficient, we overrule appellant’s sixth point.
        In 
his first through fourth points, appellant complains that his trial counsel was 
ineffective for failing to move to suppress evidence seized during the search of 
appellant’s home because the search warrant could have been defective and 
defense counsel should have contested its validity.  Appellant also 
contends that trial counsel at least should have made an effort to have S.W.’s 
and M.H.’s identification of him suppressed.  Finally, appellant asserts 
that trial counsel was ineffective for failing to request a limiting instruction 
regarding extraneous offense evidence and that the cumulative effect of all 
these errors rendered trial counsel ineffective.
        To 
prove an ineffective assistance of counsel claim, the appellant must show that 
his counsel's performance was deficient and that the deficient performance 
prejudiced the defense.[14]  “[C]ounsel is 
strongly presumed to have rendered adequate assistance and made all significant 
decisions in the exercise of reasonable professional judgment.”[15]  An allegation of ineffective assistance must be 
firmly founded in the record, and the record must affirmatively demonstrate the 
alleged ineffectiveness.[16]   Trial 
counsel should ordinarily be afforded an opportunity to explain his actions 
before being denounced as ineffective.[17]
        In 
this case, the record does not affirmatively demonstrate that defense counsel 
was ineffective.  The evidence seized during the search of appellant’s 
apartment pertained to an improper photography charge, of which he was 
acquitted.  Further, although defense counsel did not seek to suppress 
S.W.’s and M.H.’s identification of appellant, there is ample evidence in 
the record that the girls knew appellant on sight and that, when interviewed 
separately, they each identified him from a photographic lineup without 
hesitation.
        Finally, 
appellant complains that M.H. should not have been allowed to testify without 
limitation about both the offense appellant committed when she watched him 
through his screen door and the offense he committed when she and S.W. helped 
appellant move because only the first of these offenses was the primary offense 
in the prosecution involving M.H.  But appellant did not complain of 
ineffective assistance in a motion for new trial or obtain a hearing on his 
motion.  Therefore, defense counsel was not afforded an opportunity to 
explain this or any other allegedly ineffective inaction.[18]  
Thus, the record is simply too undeveloped to establish appellant’s 
ineffective assistance claim.[19]
        For 
all of these reasons, we overrule appellant’s first through fourth points.
        In 
his fifth point, appellant asserts that the trial court erroneously ordered him 
to pay $4,000 for appointed counsel fees in appeal no. 2-03-377-CR.  The 
trial court’s judgment in that case orders appellant to pay reparation as 
follows:
  
•APPOINTED COUNSEL FEES IN THE AMOUNT OF $4,000.00 TO BE PAID AS A CONDITION 
OF PAROLE
 
•IT 
IS FURTHER ORDERED THAT APPOINTED COUNSEL FEES FOR PURPOSES OF TEX. CODE OF 
CRIM. PROC., ANN., ARTICLE 26.05 BE SET AT $4,000.00 AND MADE PAYABLE TO AND 
THROUGH THE CRIMINAL DISTRICT CLERK’S OFFICE OF TARRANT COUNTY, TEXAS.[20]

        The 
State acknowledges that it can find no statutory provision authorizing the trial 
court to order the repayment of a criminal defendant’s attorney’s fees as a 
condition of parole[21] and concedes that the record 
contains no factual basis for the $4,000 amount ordered.[22]  
Accordingly, we sustain appellant’s fifth point.
        Having 
disposed of all of appellant’s points, we modify the trial court’s judgment 
in appeal no. 2-03-377-CR to omit the provision requiring appellant to pay 
$4,000 in appointed counsel fees either as a condition of parole or pursuant to 
article 26.05.  We affirm the trial court’s judgment in appeal no. 
2-03-377-CR as modified and affirm the trial court’s judgment in appeal no. 
2-03-397-CR in its entirety.[23]
  
 
                                                                  PER 
CURIAM
 
  
 PANEL F:   CAYCE, 
C.J.; DAUPHINOT and HOLMAN, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
January 13, 2005

NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The respective indictments alleged that appellant intentionally exposed his 
genitals to S.W. and M.H., children under the age of seventeen and not 
appellant’s spouse, knowing the children were present and with the intent to 
arouse or gratify appellant’s sexual desire.  See Tex. Penal Code Ann. § 21.11(a)(2)(A) 
(Vernon 2003).
3.  
Appellant does not challenge the sufficiency of the evidence to support his 
conviction for the exposure incident in appeal no. 2-03-397-CR.
4.  
Compare Moff v. State, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004) 
(holding that acquittal is required if evidence is legally insufficient) with 
Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004) and Clewis v. 
State, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996) (both holding that new 
trial is required when evidence is factually insufficient).
5.  
See Zuniga, 144 S.W.3d at 481.
6.  
Id. at 484.
7.  
Id. at 484-85.
8.  
Id. at 481; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 
1997).
9.  
Zuniga, 144 S.W.3d at 482.
10.  
Turner v. State, 600 S.W.2d 927, 929 (Tex. Crim. App. [Panel Op.] 1980); Wilcox 
v. State, 672 S.W.2d 12, 13 (Tex. App.—Houston [14th Dist.] 1984, no 
pet.); Ercanbrack v. State, 646 S.W.2d 480, 481-82 (Tex. App.—Houston 
[1st Dist.] 1982, no pet.).
11.  
See Turner, 600 S.W.2d at 930-31; Castillo v. State, 771 S.W.2d 
239, 241 (Tex. App.—San Antonio 1989, no pet.); Wilcox , 672 S.W.2d at 
13.
12.  
M.H. was in the fourth grade at the time of trial and was also acquainted with 
appellant because he lived in the same apartment complex where M.H. lived with 
her parents and grandmother.
13.  
See Zuniga, 144 S.W.3d at 484-85.  The Castillo case upon 
which appellant relies is distinguishable from his situation.  The 
defendant in Castillo was merely walking towards the child 
complainant’s house at 2:40 a.m. while naked.  See 771 S.W.2d at 
240.  He was not playing with his genitals or masturbating, and the child 
saw him only because she was awakened by a neighbor’s dogs.  See id.
14.  
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 
(1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).
15.  
Strickland, 466 U.S. at 690, 104 S. Ct. at 2066.
16.  
Thompson, 9 S.W.3d at 813.
17.  
Rylander v. State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).
18.  
See id.
19.  
See Freeman v. State, 125 S.W.3d 505, 506-07 (Tex. Crim. App. 2003); see 
also Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002) (holding 
that petition for writ of habeas corpus usually is appropriate vehicle for 
investigating ineffective assistance claims).
20.  
See Tex. Code Crim. Proc. Ann. 
art. 26.05 (Vernon Supp. 2004-05) (authorizing trial court to require defendant 
to pay as court costs the cost of legal services provided to him).  We 
disagree with the State’s characterization of appellant’s point as not 
attacking this part of the fee order.
21.  
See Heredia v. State, 528 S.W.2d 847, 853 n.4 (Tex. Crim. App. 1975) 
(“The decision to parole . . . is beyond the province of the courts . . . and 
is exclusively a matter within the province of the executive branch of 
government, under proper regulation by the legislative branch.”), overruled 
on other grounds by Sneed v. State, 670 S.W.2d 262 (Tex. Crim. App. 1984); Tex. Gov’t Code Ann. §§ 
508.0441(a)(2), .221 (Vernon 2004) (providing that parole board shall determine 
conditions of parole and may impose any condition that court may impose on 
defendant placed on community supervision).  But see Tex. Code Crim. Proc. Ann. art. 
42.037(h) (Vernon Supp. 2004-05) (providing that parole panel must impose as 
condition of parole the amount of restitution to victim ordered by trial 
court); accord Campbell v. State, 5 S.W.3d 693, 696 n.6 (Tex. Crim. App. 
1999) (noting same).
22.  
See, e.g., Campbell, 5 S.W.3d at 696-97 (noting that record must 
show that amount of restitution ordered has a factual basis).
23.  
See Tex. R. App. P. 
43.2(a), (b).