Green v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-03-377-CR

        2-03-397-CR

PRINCE LEON GREEN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Prince Leon Green appeals his convictions for indecency with a child by exposure.  In six points, appellant complains of ineffective assistance of counsel, contends that the trial court erroneously ordered him to pay attorney’s fees as a condition of parole, and challenges the sufficiency of the evidence to support one of his convictions.  We will affirm the trial court’s judgment in appeal no. 2-03-377-CR as modified and affirm the judgment in appeal no. 2-03-397-CR in its entirety.

Appellant was tried in a single proceeding on two indictments, each of which charged him with indecency with a child by exposure.
(footnote: 2)  In appeal no. 2-03-377-CR, appellant was charged with exposing his genitals to S.W.  In appeal no. 2-03-397-CR, appellant was charged with exposing his genitals to M.H.

In his sixth point, appellant contends that the evidence is “insufficient” to support his conviction in appeal no. 2-03-377-CR because it does not show that appellant knew S.W. was present when he exposed himself.
(footnote: 3)  Because appellant only requests a new trial, and not an acquittal, we will treat his complaint as a challenge to the factual sufficiency of the evidence.
(footnote: 4)
 In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.
(footnote: 5)  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.
(footnote: 6)  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.
(footnote: 7)
 In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.
(footnote: 8)  We may not substitute our judgment for that of the fact finder’s.
(footnote: 9)
 In indecency cases, knowledge and intent may be inferred from the accused’s conduct and remarks, as well as the circumstances surrounding his actions.
(footnote: 10)  Active attention-getting conduct in the form of words or deeds inviting a child to view the accused’s genitals, while evidence of knowledge and intent, is neither an element of the offense nor a prerequisite to conviction.
(footnote: 11)
 The evidence shows that S.W. was eight years old and in the third grade at the time of trial.  She was acquainted with appellant because he lived in the same apartment complex as her grandmother.  S.W. testified that, after a fire in his apartment, appellant moved to another apartment in the same complex.  S.W. and her cousin, M.H.,
(footnote: 12) both testified that their grandmother thought it would be nice if the girls helped appellant move into his new apartment.  The grandmother returned to her own apartment, leaving the girls to help appellant.

The children made several trips carrying items between appellant’s old and new apartments.  Both girls testified that they went to appellant’s bedroom, where he handed them things to move.  Appellant also gave M.H. and S.W. pictures and posters of flowers for helping him.  After one of their trips, the girls decided to ask appellant if they could have more pictures.  They returned to appellant’s old apartment, walked through the living room to the bedroom, and saw appellant standing by his open bedroom door, “squeezing” and looking at his “privates.”

S.W. testified that the bedroom door was completely open and appellant was looking down at his genital area.  S.W. was not sure appellant saw her, although she thought he did.  S.W. demonstrated at trial that she and M.H. had stood only about five feet away from appellant.  M.H. testified that the girls saw appellant through his half-open bedroom door, turned to the side so that they could see him rubbing his privates.  M.H. thought appellant did not know the girls were present because he was not looking at them.

M.H. testified that the girls watched appellant for thirty seconds or a minute; S.W. testified that they only watched appellant for a couple of seconds.  Then the girls ran out of the apartment.  S.W. told her aunt, M.H.’s mother, about the incident that day and her mother the following day.

Appellant contends that S.W.’s and M.H.’s testimony about what they thought appellant saw or knew is insufficient to establish that he knew they were present when he exposed his genitals on the day of the move.  In addition, appellant relies on the testimony of Detective Benjamin, who stated that he did not refer the matter to the district attorney’s office as an indecency by exposure case because he was not sure he could prove that appellant knew the children saw his penis and continued to masturbate.  Benjamin testified that the girls initially said appellant saw them looking at him, but later said they could not be sure.  But Benjamin further testified that he had mistakenly believed that the 
children
 had to know that appellant saw them, not that appellant had to know the children were present.

The evidence shows that appellant knew S.W. and M.H. were making trips in and out of his apartment in their efforts to help him move.  The door to appellant’s apartment was wide open, but the screen door was closed.  The girls had to open the screen door and walk through the living room to reach appellant’s bedroom, where the door was also open.  They had already made several trips to appellant’s bedroom that day.  When they reached appellant’s bedroom and saw him masturbating, the girls stood only about five feet away from appellant for between “a couple” of seconds and a minute; then they ran out of the apartment and down the stairs.  Further, although appellant was not looking at the girls, he was turned to the side so that they could see him.

Considering all of the evidence in a neutral light, we hold that the jury was rationally justified in finding beyond a reasonable doubt that appellant knew S.W. was present when he masturbated.  The evidence supporting this finding is not so weak, nor is the contrary evidence so strong, that the knowledge element of the charged offense could not be proven beyond a reasonable doubt.
(footnote: 13)  Accordingly, because the evidence is factually sufficient, we overrule appellant’s sixth point.

In his first through fourth points, appellant complains that his trial counsel was ineffective for failing to move to suppress evidence seized during the search of appellant’s home because the search warrant could have been defective and defense counsel should have contested its validity.  Appellant also contends that trial counsel at least should have made an effort to have S.W.’s and M.H.’s  identification of him suppressed.  Finally, appellant asserts that trial counsel was ineffective for failing to request a limiting instruction regarding extraneous offense evidence and that the cumulative effect of all these errors rendered trial counsel ineffective. 

To prove an ineffective assistance of counsel claim, the appellant must show that his counsel's performance was deficient and that the deficient performance prejudiced the defense.
(footnote: 14)  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”
(footnote: 15)  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.
(footnote: 16)  Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective.
(footnote: 17)
 In this case, the record does not affirmatively demonstrate that defense counsel was ineffective.  The evidence seized during the search of appellant’s apartment pertained to an improper photography charge, of which he was acquitted.  Further, although defense counsel did not seek to suppress S.W.’s and M.H.’s identification of appellant, there is ample evidence in the record that the girls knew appellant on sight and that, when interviewed separately, they each identified him from a photographic lineup without hesitation.

Finally, appellant complains that M.H. should not have been allowed to testify without limitation about both the offense appellant committed when she watched him through his screen door and the offense he committed when she and S.W. helped appellant move because only the first of these offenses was the primary offense in the prosecution involving M.H.  But appellant did not complain of ineffective assistance in a motion for new trial or obtain a hearing on his motion.  Therefore, defense counsel was not afforded an opportunity to explain this or any other allegedly ineffective inaction.
(footnote: 18)  Thus, the record is simply too undeveloped to establish appellant’s ineffective assistance claim.
(footnote: 19)
 For all of these reasons, we overrule appellant’s first through fourth points.

In his fifth point, appellant asserts that the trial court erroneously ordered him to pay $4,000 for appointed counsel fees in appeal no. 2-03-377-CR.  The trial court’s judgment in that case orders appellant to pay reparation as follows:

•APPOINTED COUNSEL FEES IN THE AMOUNT OF $4,000.00 TO BE PAID AS A CONDITION OF PAROLE

•IT IS FURTHER ORDERED THAT APPOINTED COUNSEL FEES FOR PURPOSES OF TEX. CODE OF CRIM. PROC., ANN., ARTICLE 26.05 BE SET AT $4,000.00 AND MADE PAYABLE TO AND THROUGH THE CRIMINAL DISTRICT CLERK’S OFFICE OF TARRANT COUNTY, TEXAS.
(footnote: 20)

The State acknowledges that it can find no statutory provision authorizing the trial court to order the repayment of a criminal defendant’s attorney’s fees as a condition of parole
(footnote: 21) and concedes that the record contains no factual basis for the $4,000 amount ordered.
(footnote: 22)  Accordingly, we sustain appellant’s fifth point.

Having disposed of all of appellant’s points, we modify the trial court’s judgment in appeal no. 2-03-377-CR to omit the provision requiring appellant to pay $4,000 in appointed counsel fees either as a condition of parole or pursuant to article 26.05.  We affirm the trial court’s judgment in appeal no. 2-03-377-CR as modified and affirm the trial court’s judgment in appeal no. 2-03-397-CR in its entirety.
(footnote: 23)

PER CURIAM

PANEL F: CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: January 13, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The respective indictments alleged that appellant intentionally exposed his genitals to S.W. and M.H., children under the age of seventeen and not appellant’s spouse, knowing the children were present and with the intent to arouse or gratify appellant’s sexual desire.  
See
 
Tex. Penal Code Ann.
 § 21.11(a)(2)(A) (Vernon 2003).

3:
Appellant does not challenge the sufficiency of the evidence to support his conviction for the exposure incident in appeal no. 2-03-397-CR. 

4:
Compare Moff v. State,
 131 S.W.3d 485, 489 (Tex. Crim. App. 2004) (holding that acquittal is required if evidence is legally insufficient) 
with Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004) and 
Clewis v. State
, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996)
 (both holding that new trial is required when evidence is factually insufficient).
 

5:
See Zuniga
, 144 S.W.3d at 481. 

6:
Id
. at 484. 

7:
Id
. at 484-85.

8:
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

9:
Zuniga, 
144 S.W.3d at 482.

10:
Turner v. State,
 600 S.W.2d 927, 929 (Tex. Crim. App. [Panel Op.] 1980); 
Wilcox v. State,
 672 S.W.2d 12, 13 (Tex. App.—Houston [14th Dist.] 1984, no pet.); 
Ercanbrack v. State,
 646 S.W.2d 480, 481-82 (Tex. App.—Houston [1st Dist.] 1982, no pet.).  

11:
See Turner,
 600 S.W.2d at 930-31; 
Castillo v. State,
 771 S.W.2d 239, 241 (Tex. App.—San Antonio 1989, no pet.); 
Wilcox ,
 672 S.W.2d at 13.

12:
M.H. was in the fourth grade at the time of trial and was also acquainted with appellant because he lived in the same apartment complex where M.H. lived with her parents and grandmother. 

13:
See Zuniga,
 144 S.W.3d at 484-85. 
 
The 
Castillo
 case upon which appellant relies is distinguishable from his situation.  The defendant in 
Castillo
 was merely walking towards the child complainant’s house at 2:40 a.m. while naked.  
See
 771 S.W.2d at 240. 
 He was not playing with his genitals or masturbating, and the child saw him only because she was awakened by a neighbor’s dogs.  
See id.

14:
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  

15:
Strickland,
 466 U.S. at 690, 104 S. Ct. at 2066. 

16:
Thompson
, 9 S.W.3d at 813. 

17:
Rylander v. State
, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

18:
See id.

19:
See Freeman v. State,
 
125 S.W.3d 505, 506-07 (Tex. Crim. App. 2003); 
see also Mitchell v. State,
 
68 S.W.3d 640, 642 (Tex. Crim. App. 2002) (holding that petition for writ of habeas corpus usually is appropriate vehicle for investigating ineffective assistance claims).

20:
See 
Tex. Code Crim. Proc. Ann.
 art. 26.05 (Vernon Supp. 2004-05) (authorizing trial court to require defendant to pay as court costs the cost of legal services provided to him).  We disagree with the State’s characterization of appellant’s point as not attacking this part of the fee order.  

21:
See Heredia v. State,
 528 S.W.2d 847, 853 n.4 (Tex. Crim. App. 1975) (“The decision to parole . . . is beyond the province of the courts . . . and is exclusively a matter within the province of the executive branch of government, under proper regulation by the legislative branch.”), 
overruled on other grounds by Sneed v. State,
 670 S.W.2d 262 (Tex. Crim. App. 1984); 
Tex. Gov’t Code Ann.
 §§ 508.0441(a)(2), .221 (Vernon 2004) (providing that parole board shall determine conditions of parole and may impose any condition that court may impose on defendant placed on community supervision).  
But see
 
Tex. Code Crim. Proc. Ann.
 art. 42.037(h) (Vernon Supp. 2004-05) (providing that parole panel must impose as condition of parole the amount of restitution to
 victim
 ordered by trial court); 
accord Campbell v. State,
 5 S.W.3d 693, 696 n.6 (Tex. Crim. App. 1999) (noting same).

22:
See, e.g.,
 
Campbell,
 5 S.W.3d at 696-97 (noting that record must show that amount of restitution ordered has a factual basis).

23:
See
 
Tex. R. App. P.
 43.2(a), (b).