RECEIVED IN
The Court of Appeals
Sixth District

NOV 3 0 2015

Texarkana, Texas
Debra Autrey, Clerk

06-15-00061-CR

## STATEMENT OF THE CASE

Appellant was tried before a Judge and where he was found guilty of indecency with a child by sexual contact, and sentenced to seven years in the Texas Department of Criminal Justice- Institutional Division. Appellant challenges the Judges findings, alleging that they were in error, and that he is actually innocent of the accused offense.

FILED IN
The Court of Appeals
Sixth District

NOV 3 0 2015

Texarkana, Texas
Debra K. Autrey, Clerk

## ISSUES PRESENTED

1. Whether the Judge erred in considering dates not listed on the indictment, thus not giving Appellant notice of the allegation that the State intends to prosecute against him so that he can prepare a proper defense.

2. Whether the Judge erred in finding part of the witness testimony true, and another part untrue.

3. Whether the Judge should have required the victim (accuser) to be evaluated by a professional for a competent screening.

4. Actual Innocence claim by Appellant.

## STATEMENT OF FACTS

On Sepetember 30, 2013 Appellant was arrested by the Rusk County , Texas Sheriff's on a warrent from Gregg County, Texas for indencency with a child by sexual contact that was to have occured on September 29, 2012.

1

The same day he was transfered to the Gregg County jail, where he remained until trial.

Prior to Appellant's arrest the Gregg CountyGrand Jury issued a true bill indictment against him on the 8th day of August. 2013, alleging that he committed indecency with a child by sexual contact against Jane Doe 07192003, that occured on the 29th day of September, 2012.

On the 9th day of January, 2014 the district attorney filed two motions for Notice of Intent to use Hearsay Statement of a Child Abuse Victim, summonsing Brian Splawn, the victim's father, and Kelli Faussett, Child Advocacy Service advocate to testify to EXACTLY what the victim told them. The Motions were granted the same day.

September 26, 2014 Appellant was taken to Court for a Waiver of Jury Trial. Trial was set for December 1,2014.

On December 1, 2014 all parties appeared and anounced ready. The witnesses were sworn in and the trial began on that day.

The first witness to take the stand was Erin Splawn, the victim.

The second witness was Faith Splawn, the victim's sister.

The third witness was Brian Splawn. the victim's father.

The fourth was Jason Romine, the Kilgore police officer who took the complaint.

The fifth was Barbara Tidwell, Appellant's sister.

The sixth was Kay Lynn Newbill, Detective for the Kilgore Police Department, who refered the case to child protective services and the child advocacy service.

The seventh was Bobby Clark.Jr. Appellant. who testified that he is innocent.

The eighth was Reshonda Clark, who is Appellant's daughter.

The Judge finds Appellant guilty specifying that the victim gave creditable testimony, and never gave a specific date, and that he does not believe the date is the controlling isuue, but had the victim gave a specific date that may have gave the Court more concern.

The punishment phase is set for the 21st day of 2015.

Appellant was sentenced to 7 years in the Texas Department of Criminal Justice and Ordered to register as a sex offender.

Appellant was given permission to appeal.

Appellant requested an extension after his Court appointed appeals counsel filed an Anders Brief.

Permission was granted, giving him until November 17, 2015.


## SUMMARY OF THE ARGUMENT

The Trial Judge erred in alleging that the date as stated in the indictment was not a controlling issue, and of little importance to the merits of the prosecution of the case. Every element alleged in an indictment must be proven, and every element alleged is exactly what is given as notice to an accused person prior to any trial, so that the person may attempt to locate witnesses and any evidence to help with his defense. To give notice to Appellant about what evidence is to be used against him, then change the allegation AFTER trial begins is clearly a denial of proper notice, and a violation of due process of law.

It was not discretionary for the Trial Judge to decide if a witness testified truthfully in one part, yet gave untrue (unreliable) testimony in another part, when in fact both parts represent key elements of the offense and must corroborate the other to find guilt. Meaning one part

3

can not be proven without the other, when the witness was the person who filed the police report alleging that both parts are true, and this same evidence was used to seek the indictment and sustain the conviction in the matter.

Because of the serious nature of the offense, and the child's age of 9 years old, it is questionable as to why the Trial Judge failed to have the child examined by a trained professional, whose an expert in determining the competency of a child under the age of 13, and whether the child has a history of delusional daydreams, or fabricates stories for attention and sympathy.

When the allegation against an adult has been made by a child for some type of sexual misconduct, although there need be no corrobation but the child's allegation, there still must be some evidence to sustain a conviction, and not just the assumption of what the child thinks is a sexual violation against her. For this same child to speculate what she think was inappropriate, while at the same time giving unreliable time accounts of the incident in question, just because she does not like the person, is not enough evidence to convict.

## ARGUMENT & AUTHORITIES

ISSUE ONE:

Appellant was given notice that he is being accused of indecency with a child by sexual contact that occured on September 29, 2012.

On December 1, 2014 Appellant appeared in Court ready for trial, except he had with him proof that there is no way he committed the offense because he was in the hospital, and that was his affirmative defense, a secured alibi. He needed not prepare any futher, because

4

he had met his burden of innocence to the allegations as stated in the indictment.

When the prosecutor discovered that Appellant was in the hospital, and there was no way he could have committed the crime, she began arguing that the date in the indictment was irrelevant and did not matter, that all she needed to prove was that the crime was committed before indictment and before prosecution was barred by limitations. Alleging that the date in the indictment has no merit to the claim, and it did not matter that Appellant was given that date in preparation to defend himself.

The Courts are bound by law, and have no authority to vaguely abuse nondiscretionary matters, as stated in Art. 21.02.(6), Tx.C.C.P.. See: Mireles V. State, 901 S.W. 2d 458,465 (Tex. Crim. App. 1995).... [T]he popular imagination of lawyers and Judges has come to embrace the myth that pleading 'on or about' magically avoids the necessity of proving a specific date. But no such incantation [is] necessary. Pleading that an offense was committed 'on' a particular date will perform the same magic".

The Texas Legislature never intended for such an abuse of discretion by a prosecutor. A prosecutor can not give notice of one particular date, then merely disregard proper notice by stating a new date , then allege no harm done. This making any requirement for notice obsolete. Why even put a date if the date is optional? Because the accused must be able to adequately prepare a defense against the allegation(s).

September 29, 2012 was clearly the date alleged on the indictment , and that was the date Appellant prepared his defense around.

On direct examination of Jason Romine, a Kilgore police officer, who took the complaint of Brian Splawn, confirmed that the allegation

5

was to have occured on September 29, 2012, Vol.3,pg.56, at15-21, and this date was written in his police report, Vol.3, pg.57, at 3-7, and again confirms the date, Vol. 3, pg.58, at 2-7.

After the prosecutor told Brian Splawn, the State's key witness, that there's no way Appellant could have committed the offense on September 29, 2012 because he was in the hospital, Mr. Splawn changed the date to September 22,2012, while testifying on the witness stand, and gave an affirmative "YES!" to the new date as being the date, Vol. 3, pg.54, at 5-10.

Although Appellant was not given notice of September 22,2012 as the new date of offense, he was still able to prove that he was not at the residence at the time the victim said the offense occured against her. This is supported by the State's witness, Barbara Tidwell.

Barbara Tidwell not only confirmed that not only was it impossible for appellant to have been at her residence on the 29th or the 22nd , he was not there on the 15th either, all the saturdays leading up to the allegation, Vol. 3, pg. 68 at 17-24, pg.69, at 22-25, and pg.70, at 1-8.

Roshonda Clark also testified to the where abouts of Applicant for the dates of the 15th, 22nd, and the 29th, Vol. 3, pgs 97-98, at 1-18. All secured alibis.

Appellant was not given proper notice of the allegations as alleged in the indictment, and the state failed to meet its burden of proof as it alleged in the information in the indictment. Appellant's case should be reversed and ACQUITTAL, or remanded for a new trial.


ISSUE TWO:

In the closing arguments appellant's attorney explained to the

Trial Judge the importance of actual dates, and what the purpose of what "on or about" was actually designed for, and it does not apply in this case, Vol.3, pgs. 105-112. The state can not hide behind "on or about", when Appellant produced a solid alibi, proving that there's no way he could have committed the offense because he was in the hospital. Supra: Mireles.

In the prosecutor's closing arguments, she alleges that after it was discovered that Appellant was in the hospital on September 29, 2012, that Brian Splawn merely guessed at that date, Vol.3, pg 114, at 14-17, 25-25.

The State Confirms that the allegation did not happen in July or August, that it did happen in September, and on a weekend, Vol.3, pg. 115, at 9-13.

The prosecutor argues that the date is no big deal, when in fact it is extremely important, Vol.3, pg.116, at 2-3. If Appellant was able to prove that he was in fact at another place at the time of the alleged offense, it proves that the accuser made a false allegation.

The prosecutor alleged that the State is entitled to leniency because it is a child victim, Vol.3, pg.116, at 3-5. This is exactly what Appellant has been trying to explain to the Trial Judge. Brian Splawn's testimony is just as important as the victims because he knew exactly when he took her to the grandmother's house, and he specifically told the police that it was September 29,2012, that is until it was discovered that Appellant was in the hospital. Actually Mr. Splawn's testimony should be more effective and reliable than Erin Splain's because she is a 9 year old child. Mr. Splawn has a duty as the child's father to always know where she is at, and he

7

confirmed his responsibility as a father should when he filed his complaint with the Kilgore police department, varifying that September 29, 2012 was in fact the date that he delivered his daughter to her grandmother's house, and this was the only day that the offense could have occured; not the 15th, not the 22nd, but the 29th. Since the whole case revolved around Mr. Splawn's complaint, and time, the Judge erred in his decision, stating that the date given by Mr. Splawn was irrelevant, and that the victim never gave a specific date, Vol, 3, pg. 120, at 3-5.

Yet, the Judge does state that had the victim gave a specific date , that it may have caused the Court more concern about the alleged change of the date, Vol.3, pg.120, at 7-8. Then he states that he believes the date is not a controlling issue, Vol.3, pg120, at 9-10.

The date is a very critical piece of evidence, and was detrimental to the State's case against Appellant. Brian Splawn's testimony , and allegation of September 29,2012, was a specific date, that was until he discovered Appellant was in the hospital, and was extremely realiable, when Mr. Splawn was the first person that the victim cried out to, satisfying art. 38.072.,TCCP, and was very accurate. The allegation was only a couple weeks old, and Mr. Splawn knew exactly when the victim was at her granmother's house, and when she was not.

What happened was the child made a false allegation that clearly escalated out of control, and when the allegation could not be supported because the Appellant was not even there, rather than concede to the false allegation, the father merely changed what he told the police in order to protect his daughter's integrity. Mr. Splawn Knew that his daughter told him that it happened the weekend of the 29th, but she did not think the allegation would get so far out of control.

8

He knew that was the weekend that he took his daughter to the grandmother's house. Yes, Mr Splawn's statement that he told the police , giving the 29th as the date of the alleged offense should have caused the Court great concern, and the changes of that date should not have been ignored, and dismissed as hearsay. The Texas Rules of Evidence are very clear , Rule 801. (e), (1)(d), a statement is not hearsay if it is taken in accordance with art. 38.071., TCCP.;

For the Judge to take into consideration one part of Brian Splawn's testimony as reliable but the other part as hearsay, is clearly an abuse of discretion, and that testimony was reliable.

ISSUE THREE:

Because of the serious allegation made by the victim, whose a 9 year old child at the time of the accused offense, the Judge had a duty to have her examined for competence before testifying at the trial, Tex. Rules of Evidence 601(2). The victim's father even testified that he told the police that his daughter needed to be questioned by a professional, someone that knew what they were doing, because it can be bad for Appellant, Vol.3, pg.53, at 12-17. Appellant believes that had an expert examined the victim (someone that knows how to question the child) and explained the consequences for the Appellant, that she would have revealed the truth, that the allegation is false and was made up for attention.

ISSUE FOUR:

Appellant alleges that the evidence was insufficent to sustain the conviction against him. It is well established that the victim, her father, and the prosecutor alleged the offense occured on a week-

end in September of 2012, on 15th, 22nd, or the 29th. Yet, when Appellant presented secured alibis for ALL these dates, the State claims that all they have to prove is that it occured before indictment, and prior to the bar of limitation, and state that "on or about" gives them authority. If this is the case why even put a date? Possibly the Texas Legislature need to amend and repeal art. 21.02.6, stating before indictment (no date required) and prior to the bar of limitations.

The state's fictional theory that the date alleged on the indictment is not required is without merit. Appellant was given notice of that date,and that was the evidence the State intended to use against him in the prosecution of the case. Appellant proved beyond ALL facts that he was wrongfully accused, and is innocent. The State had no jurisdiction to amend the indictment, attempting to allege new and different dates, and even though the indictment was not physically altered (amended) on its face it was clearly amended after the trial started, orally and on the records of the Court.

Appellant alleges that sometime in August of 2012, the he disciplined the victim, which caused her to become vindictive. Vol.3, pg. 85, at 8-15.

Appellant testified that he never touched the victim inappropriately, Vol.3, pg.86, at 10-12.

Appellant also testifies that he was not at the residence where the alleged incident was to have occured on either the 29th, 22nd, or the 15th, possibly the 8th.

Not only did the victim make impossibly date(s) as allegations of the incident, that can't be supported by Appellant's alibis, but she does not even know what she is alleging. Specifically she said that Appellant touched her more than one time, Vol.3, Pg.15, at18-16.

She then alleges that Appellant would pick her up and put her on his shoulders, touching her front and back, and made her ride in the middle of a little hoveround when she didn't want to, Vol.3, pg.15, at 21-25.

She testified that the incident happened sometime in September ,2012, Vol.3, pg. 16, at 13-23.

She testifies that Appellant first put her on the couch, Vol.3, pg. 16, at 25, pg.17, at 1.

She testified that all Appellant did was pat her on the front and back, nothing more (no cupping, rubbing, or fondling ), Vol.3 , pg.17, at 7-9. See: Means v State, 955 S.W. 2d 686,691(Tex. App. — Amarillo 1997) " It cannot be said that touching [without intent to arouse gratify the sexual desire of any person] occures if the touching is accidental......So, the act of accidental touching constitutes no evidence that appellant touched [alleged victim] with intent to arouse or gratify sexual desire." See also: Castillo v State, 771 S.W. 2d 239, 240-41 (Tex. App.-SanAntonio 1989).

The victim clearly does not have the slightest idea what a good or bad touch is, or the meaning of inappropriate touching actually is. She thought that a mere pat on the back was rape, Vol.3,pg.45,at 15, and then alleged that Appellant held her is all,Vol.3pg.41, at 16-20.

The prosecutor clearly changed the whole story of events, as alleged by the victim, by leading the victim, suggesting her theory of what took place instead of letting the child explain in detail what she thought was inappropriate. What was initially a friendly pat, stated by the victim, became a rub, then a cupping, then a pulling on top by the Appellant, all of which was suggested by the prose-

11

cution. The prosecutor took the child of 11 years old and led her all the way through the childs testimony, clearly helping show cause for conviction, when in fact there was no cause to support the child's allegations alone.

The victim, who was 9 years old at the time, thought she had every reason to fabricate a story against Appellant, and this is supported by the record. She claims she does not like the Appellant Vol.3, pg.23, at 4-5. She claims that she is uncomfortable with Appellant because he is disrespectful to her Grandy (grandmother), and is rude, Vol.3, pg.23, at 9-11.

Claimed Appellant never showed her a lot of attention, Vol.3, pg.23, at 12-14.

When asked did appellant ever kiss her, victim responded "He probably kissed me on the forehead a long time ago". Vol.3, pg.23, at 18-21. A friendly kiss on the forehead by Appellant, who is a relative, does not show cause to support sexual misconduct.

After all the testimony, that was actually created by the prosecutor, claiming that Appellant picked her up, hugged her, and held her(inappropriatly), the victim claims that Appellant never did any of these things, by answering "huh-uh", NO!, Vol.3, pg.24, at 1-5.

The victim testified that Appellant would give her a ride on a hoveround, trying to run over a chicken, playing with her as a child, Vol.3, pg.24, at 8-11, and said he never tried to touch her while riding the hoveround, Vol.3, pg.24, at 14-15. ( A hoveround is a electric wheel chair, and the only place to sit is in the middle , up front, and does not consist of attempted inappropiate sexual misconduct). The child was 9 years old at the time and it was merely an innocent ride given by an uncle to his niece.

12

On cross examination of the victim, she testifies that no longer than a month had passed before she told her father about the alleged incident.

At the punishment phase of Appellant, before sentencing him to 7 years in prison, the Judge said "While the offense itself is not the worst indecency-with-a-child case this Court has ever heard", Vol.3, 5, pg.12, at 5-6. The reason the Trial Judge said this is because it never happened. The State failed to give proper notice as alleged in the indictment, clearly prejudicing Appellant's defense, and did not meet its burden of proof, under sec.21.11., of the Texas Penal code. The whole trial proceeding was a miscarriage-of-justice.

The victim gave ambiguous and arbitrary testimony, claiming one thing happened, then denying the same allegation in another part of her testimony.

The State must meet its burden of proof under the Texas Penal Code, sec. 201.. See: Johnson v State, 673 S.W. 2d 190,194(Tex.Crim. App. 1984)"[I]t is incumbent on the State to prove every element of the offense beyond a reasonable doubt" See also: Peddicord V. State , 942 S.W.2d 100,103 (Tex. App.-Amarillo 1997).

What the State prosecutor has done was take a 11 year old child's testimony, who does not actually know right from wrong, twist the facts from actual events, that are respectful and innocent, and created false assertions of fact, only to secure a wrongful convition. The truth is in the transcript. Appellant never inappropriatly touched the victim, other than what is expected out of any other adult. The State failed in its totality to meet its burden of proof, because there is no proof there, nothing!

For these reasons Appellant ask this Cout to reverse his conviction, and order an acquittal, exonorating him.

13

## CERTIFICATE OF COMPLIANCE AND DELIVERY

This is to certify that this document, is filed in accordance to Rule 9.5. (e), of the Texas Rules of Appellate Procedures, by placing the same in the United States Mail, postage prepaid,addressed to the Sixth Court of Appeals, Bi-State Building, 100 N. State Line Avenue, Ste.20, Texarkana, Texas 75501 and to the District Clerk of Gregg County, 101 E. Methvin Street, Longview, Texas 75601, service accomplished on the 11th day of November, 2015.

Bobby Eugene Clark, Jr.
Appellant

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Honorable Court appoint him counsel, and set for submission a date for oral argument. If the Court is to submit the case without an oral argument, that it find that Appellant's rights under the Texas and United States Constitutions were violated, as well as Texas statutory laws, and that it should reverse Appellant's conviction, and Order acquittal, or in the alternative reverse and remand for a new trial, thus giving Appellant a fair opportunity to proper notice ( the dates ) so that he can prepare his defense, or any other relief the Court deem necessary and proper.

Respectfully Submitted

Bobby Eugene Clark, Jr.