Affirmed and Memorandum Opinion filed March 11, 2010. 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00839-CR

___________________

 

Hugo Paul Ayala, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 183rd District Court

Harris County,
Texas



Trial Court Cause No. 1115224

 



 

 

MEMORANDUM OPINION

            Appellant Hugo Paul Ayala was convicted of indecency
with a child by exposure.  After a finding of “true” to two enhancement
paragraphs, the jury sentenced appellant to life imprisonment.  In two issues,
appellant contends that the evidence is legally and factually insufficient to
sustain his conviction.  We affirm.  

                                                                                                                                          
I.                       
Background

After the school day ended on November 16, 2006, the
complainant, twelve-year-old D.N., left school and waited for her mother.  She
walked a short distance from the school and sat on a bench, which faced a park
and playground area next to the school where several children were playing.  D.N.
noticed a pick-up truck in the street directly behind the bench where she was
sitting.  D.N. saw a man in the driver’s seat and noticed his hands moving up
and down from his mid-section.  D.N. determined that the man was masturbating. 
She became scared and started walking back to the school when she saw A.A., a
classmate, leaving the school.  D.N. told A.A. she saw a man masturbating in
the truck.  A.A. walked to the bench and also observed the man masturbating in
the truck.  The two girls re-entered the school and told the principal about
the man in the truck.  The principal gave A.A. a notepad and told her to write
down the truck’s license plate number.  D.N.’s mother had arrived by this time,
and D.N. told her mother what she saw.  D.N. and her mother searched
unsuccessfully for the truck.  A.A. returned to the bench, but the truck was no
longer there.  A.A. sat on another bench outside the school and noticed the
truck return and park in the same spot as before.  She went back to the school
and informed the principal, who went outside and talked to the driver.  The
driver told the principal he was “waiting for a niece or a daughter,” but left
without retrieving a child.  The police were notified of the incident.  Several
months later, appellant’s photograph was placed in a photo array, taken to the
school, and shown to D.N. and A.A.  After this meeting with the girls, appellant
was indicted for indecency with a child by exposure and arrested.  After a jury
trial, appellant was convicted of the charged offense.  

            In his first
issue, appellant contends the evidence is legally insufficient to support his
conviction for indecency with a child because the State failed to prove that he
exposed his genitals knowing D.N. was present.  In his second issue, appellant
maintains the evidence is factually insufficient to sustain his conviction for
the offense charged.  

                                                                                                                                                      
II.           
Analysis

A.               
Legal Sufficiency of the Evidence

In reviewing a legal sufficiency challenge, we view
the evidence in the light most favorable to the verdict and determine whether a
rational trier of fact could have found the essential elements of a crime
beyond a reasonable doubt.  Salinas v. State, 163 S.W.3d 734, 737 (Tex.
Crim. App. 2005).  As the trier of fact, the jury “is the sole judge of the
credibility of the witnesses and of the strength of the evidence.”  Fuentes
v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  The jury may choose
to believe or disbelieve any portion of the testimony.  Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  The jury may also draw reasonable
inferences from basic facts to ultimate facts.  Clewis v. State, 922
S.W.2d 126, 133 (Tex. Crim. App. 1996).  We presume that when faced with
conflicting evidence, the jury resolved conflicts in favor of the verdict.  See
Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  

            To prove
indecency with a child by exposure in this case, the State was required to
prove: (1) the child victim was younger than seventeen years and not the spouse
of the accused, (2) the accused exposed any part of his genitals, (3) knowing
the child was present, (4) with intent to arouse or gratify the sexual desire
of any person.  Tex. Penal Code Ann.
§ 21.11(a)(2)(A) (Vernon 2003);[1]
Breckenridge v. State, 40 S.W.3d 118, 128 (Tex. App.—San Antonio 2000,
pet. ref’d).  

            Appellant argues there
is no evidence showing he knew either D.N. or A.A. were present while he
allegedly masturbated, and thus the State failed to prove this element of the
offense.  Officer Susan Courtney McAllister, the Houston Police Department
officer who investigated the incident, testified that during interrogation,
appellant admitted to driving the truck, knowing the location of and previously
being outside the school where the incident occurred, and at times masturbating
inside the truck.  He denied masturbating in the truck on the date of the
offense.  At trial, D.N. identified appellant as the man she saw masturbating
inside the truck.  She stated that the truck’s windows were tinted and the
driver’s window was closed, but the passenger window was down and she could see
inside the truck.  Although D.N. did not see appellant’s genitals, she saw his
hands moving up and down from “his private part” and concluded he was
masturbating.  A.A. also testified for the State and identified appellant as
the man in the truck.  A.A. stated she looked through the open passenger window
and saw appellant’s “middle part laying against the steering [wheel] and his
hand moving up and down.”  She agreed that appellant’s “middle part” was his
penis, and stated that after a short while “[s]tuff came out, like, on the
steering wheel.”  

The fact-finder may infer knowledge of a child’s
presence from the conduct of, remarks by, and circumstances surrounding the
acts engaged in by an accused.  Turner v. State, 600 S.W.2d 927, 929
(Tex. Crim. App. [Panel Op.] 1980); Wilcox v. State, 672 S.W.2d 12, 13
(Tex. App.—Houston [14th Dist.] 1984, no pet.).  From the testimony at trial, the
jury could have inferred that appellant knew the girls were present while he
masturbated.  Appellant admitted he was familiar with the school’s location,
and that he had previously masturbated in the truck.  When the girls saw the
vehicle, it was parked across the street from a park located next to the
school.  Both girls testified other children were leaving the school at the
time and that a number of children were playing in the park.  The jury could
reasonably have inferred that appellant had knowledge of children walking along
the sidewalk from the school to the park, and thus knew that D.N., the named
complainant, was present.  See Turner, 600 S.W.2d at 930–31
(holding the jury could properly infer knowledge of child’s presence where
defendant stopped his vehicle and exposed himself after driving past child as
she walked); Wilcox, 672 S.W.2d at 13–14 (finding sufficient evidence to
show awareness of complainant’s presence where appellant exposed himself by a
gap in a fence close to where children were playing).[2]  

            Appellant also
asserts there is no evidence he called attention to himself by speaking or
gesturing to the girls; thus, appellant contends, the State failed to prove he
had knowledge of the girls’ presence.  D.N. and A.A. testified that appellant
did not speak to them or appear to look at them while masturbating; rather, his
attention was directed towards a group of children playing in the park next to
the school.  While words or deeds inviting a child to view appellant’s genitals
suggest knowledge of a child’s presence, active attention-getting conduct is
not a prerequisite for conviction.  See Turner, 600 S.W.2d at 930; Ercanbrack
v. State, 646 S.W.2d 480, 481–82 (Tex. App.—Houston [1st Dist.] 1982, no
pet.).  Such acts are merely evidentiary and not an element of the offense.  See
Turner, 600 S.W.2d at 930.  Appellant also argues that there is no evidence
the girls were near his truck when he exposed his genitals because there was no
testimony describing his penis.  The State is not expressly required to elicit
testimony describing the accused’s genitals.  See Breckenridge, 40
S.W.3d at 128 (stating that section 21.11(a) does not require proof that the
victim actually saw the accused’s genitals); Uribe v. State, 7 S.W.3d 294,
297 (Tex. App.—Austin 1999, pet. ref’d) (same).  After hearing D.N. testify
that she saw appellant’s hands moving up and down from his mid-section and A.A.
state that she saw appellant’s penis resting on the truck’s steering wheel, the
jury could have found that appellant’s genitals were exposed without being
given a physical description of his genitals.  

After viewing the evidence in the light most
favorable to the verdict, we determine that a rational juror could have found
appellant had knowledge that D.N., the complainant, was present when he exposed
his genitals.  We overrule appellant’s first issue.  

B.     Factual
Sufficiency of the Evidence

When conducting a factual sufficiency review, we view
all the evidence in a neutral light and will set aside the verdict only if we
are able to say, with some objective basis in the record, that the conviction
is clearly wrong or manifestly unjust because the great weight and
preponderance of the evidence contradicts the jury’s verdict.  Watson v.
State, 204 S.W.3d 404, 414–17 (Tex. Crim. App. 2006).  We cannot declare
that a new trial is justified because we disagree with the jury’s resolution of
a conflict in the evidence, and we will not intrude upon the fact-finder’s role
as the sole judge of the weight and credibility of witness testimony.  See
id. at 417; Fuentes, 991 S.W.2d at 271–72.  The fact-finder may
choose to believe all, some, or none of the testimony presented.  Chambers
v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); In re A.B.,
133 S.W.3d 869, 872 (Tex. App.—Dallas 2004, no pet.).  In our review, we
discuss the evidence appellant claims is most important in allegedly
undermining the jury’s verdict.  Sims v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App. 2003).  If we determine the evidence is factually insufficient, we
must explain in exactly what way we perceive the conflicting evidence to
greatly preponderate against conviction.  Watson, 204 S.W.3d at 414–17. 


            Appellant argues
the evidence is factually insufficient because the testimony of D.N. and A.A. was
“uncorroborated, inconsistent and riddled with holes and instances of
convenient memory loss.”  Both girls testified that they went to the
principal’s office and told the principal that they saw appellant
masturbating.  D.N. named the principal as a Mr. Rodriguez, while A.A. claims
she told a Ms. Medina.  There was also an inconsistency as to whether A.A. was
twelve or thirteen years old at the time of the offense.  It is the
fact-finders’ duty to determine if these inconsistencies or contradictions impugned
the witness’s credibility, and we may not intrude upon their judgment in these
matters.  See Watson, 204 S.W.3d at 417; Fuentes, 991 S.W.2d at
271.  

            Appellant also
contends D.N. and A.A. could not have seen inside his truck from a distance of
six to eight feet away.  At trial, appellant’s counsel conducted a
demonstration by asking D.N. to stand approximately seven feet from the jury
box and state whether she could see what the jurors were doing with their
hands.  She admitted she could not see any of the jurors’ hands behind the
box.  Appellant contends this shows she could not have seen inside the truck.  However,
there was photographic evidence and testimony that the girls were standing on a
slight incline above a curb, and were thus able to see inside the truck.  Appellant
further claims the State should have called the principal as a witness to
corroborate the girls’ stories and that D.N.’s mother should have testified
about her daughter’s demeanor after the incident occurred.  The uncorroborated testimony
of a child victim, standing alone, is sufficient to support a conviction for
indecency with a child.  See Tex.
Code Crim. Proc. Ann. art. 38.07 (Vernon 2005); Sansom v. State,
292 S.W.3d 112, 122–23 (Tex. App.—Houston [14th Dist.] 2008, pet. ref’d); Navarro
v. State, 241 S.W.3d 77, 81 (Tex. App.—Houston [1st Dist.] 2007, pet.
ref’d).  D.N. and A.A. testified they saw appellant’s exposed genitals.  This
testimony is sufficient to convict appellant.  See, e.g., Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon 2005).  Notwithstanding
any alleged weaknesses or inconsistencies with the girls’ testimony, the jury
is the sole judge of the credibility of the witnesses and of the strength of
the evidence.  See Fuentes, 991 S.W.2d at 271.  According to the
verdict, the jury believed the testimony of D.N. and A.A.  

Having evaluated all the evidence in a neutral light,
we cannot say with some objective basis in the record that the jury’s verdict
is clearly wrong, manifestly unjust, or contradicted by the great weight and
preponderance of the evidence.  We overrule appellant’s second issue.  

                                                                                                                                           
III.           
Conclusion

The evidence presented by the State is legally and
factually sufficient to support the jury’s finding that appellant was guilty of
indecency with a child.  Accordingly, we overrule each of appellant’s issues
and affirm the judgment of the trial court.  

                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

 

 

Panel consists of Justices
Yates, Frost, and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] Texas Penal Code section
21.11 was amended after appellant’s trial, but the relevant elements of the
offense have not been substantively altered.  See Act of May 30, 2009,
81st Leg., R.S., ch. 260, § 1, 2009 Tex.
Sess. Law Serv. 709, 709 (Vernon) (to be codified as an amendment to Tex. Penal Code Ann. § 21.11).  





[2] See also Williams v.
State, No. 05-08-00376-CR, 2009 WL 1981843, at *3 (Tex. App.—Dallas July
10, 2009, pet. ref’d) (mem. op., not designated for publication) (finding
appellant had knowledge of complainant child’s presence while exposing himself
from behind fence next to pool area where several children were swimming,
despite fact that appellant did not look directly at complainant while exposing
himself); Chapman v. State, No. 01-05-00923-CR, 2006 WL 3316705, at *3
(Tex. App.—Houston [1st Dist.] Nov. 16, 2006, no pet.) (mem. op., not
designated for publication) (holding evidence was sufficient to support
appellant’s conviction when complainant observed appellant masturbating through
bookshelves in childrens’ section of public library, although appellant did not
know complainant could see him); Montoya v. State, No. 07-02-0247-CR,
2003 WL 397766, at *3 (Tex. App.—Amarillo Feb. 21, 2003, pet. ref’d) (mem. op.,
not designated for publication) (affirming finding of appellant’s knowledge of
complainant’s presence where appellant exposed his genitals in presence of
children at a public park, despite not making eye contact with complainant).